### BARRELL *vs.* BARRELL and others.

1. To entitle a tenant in common to an account of rents and profits from his co-tenant for use and occupation of premises held in common, he must show exclusive possession of the premises, or that some profit has been derived therefrom for which the co-tenant ought to account.

2. Though no question be made as to the legal title of a tenant in common to the share which he claims to own in the real estate of which he seeks partition, yet, where a partition is sought in a court of equity, it will only be accorded on equitable terms, where it seems to the court just that such terms should be imposed.

3. After certain specific devises to his sons, G. and H., the testator direct-
ed, that in the division of his estate, the sum of $8000 be charged to G.,
and $11,000 to H., on account of the real estate specifically devised to
them, and gave the rest of his estate, real and personal, to his four children,
G., H., M., and C., to be equally divided between them. G. and H. were
appointed executors, and proved the will. They took the entire personal
property, and still hold a large surplus of it, refusing, without reason, to
pay to M. and C. their proportions of such surplus, or of the $19,000 charged
by the will upon G. and H. G. filed his bill for partition of the real estate
not specifically devised, against the other children. *Held*, that the shares
of G. and H., in the residuary real estate, must be charged respectively
with the three-fourths of $8000 and $11,000, with which they were made
chargeable by the will.

Bill for partition and account. On final hearing on plead-
ings and proofs.

*Mr. J. W. Taylor*, for complainant.

*Mr. D. A. Hayes*, for Mary Barrell.

*Mr. C. E. Green*, for Charles Barrell.

THE CHANCELLOR.

George Barrell, late of the county of Essex, died on the
11th of February, 1870, leaving four children, George, Mary,
Henry, and Charles. By his will, after directing payment
of his debts, he devised to his son George, the complainant,
in fee, a brick house and the lot of land of about two and a
quarter acres, in East Orange, in that county, whereon the
same was situated, with all the improvements which might
be on the property at the time of the testator's decease. To
his son Henry, he devised, in fee, a farm in the township of
New Providence, in the county of Union. Both George and
Henry were, at the time of the testator's death, in the occu-
pation of these respective properties. After these devises, the
testator directs that in the division of his estate, the sum of
$8000 be charged to George, and $11,000 to Henry, on ac-
count of the real estate thus specifically devised to them.

These sums, he states, are the values he puts upon those properties, and he declares that it is his will that the valuation should not be changed, and that those devises should, under no circumstances, be changed or disturbed. After making a bequest of $500, in lieu of commissions, to Meadows P. Nicholson, whom he appoints one of his executors, he gives all the rest of his estate, real and personal, to his children, to be equally divided between them, and provides and directs that in case of the death of any one or more of them, without leaving lawful issue, the share or shares of the one or more so dying, shall go to the survivors or survivor, but that if any of them shall die, leaving lawful issue living, such issue shall take the share of the parent. He appointed his sons, George and Henry, with Meadows P. Nicholson, executors. The will was proved by George and Henry alone, the other executor having declined to act. Of the testator's children, two, Mary and Charles, are unmarried. George and Henry are married, and each has lawful issue living. Besides the real estate specifically devised, the testator died seized of valuable real property in the county of Essex. He owned at his death, a large amount of personal property, principally, valuable securities. According to the inventory, it amounted to about $90,000.

The bill prays a partition of his real estate, not specifically devised, among his four children, and that Charles and Mary, who, since their father's decease, have been in possession of the homestead, may account for the rent of that property since the testator's death. Charles and Mary have answered. They deny their liability to account, and allege that the entire personal estate of the testator was taken by George and Henry into their possession, and that they still hold a large part of it, and although the debts are all paid, and a large surplus is left for distribution, refuse to pay them their shares of it, and refuse, also, to pay them their proportion, or any part of it, of the $19,000 with which the will makes George and Henry chargeable in the division of the estate.

It does not appear that the occupation, by Charles and

Barrell *v.* Barrell.

Mary, of the homestead, has been exclusive, or that they have derived any profit from it for which they ought to account to their brothers. At the time of their father's death, they were part of his family—Mary was his housekeeper, he being a widower. After his death they continued to reside there. The homestead consisted of a house and four acres of land, of which one was in lawn around the house. During their occupation after their father's death, they cultivated a small garden of about one-tenth of an acre. The rest of the land was not cultivated. It is in evidence that they made the necessary repairs and kept up the property at their expense, hiring laborers and others for the work. They did not occupy the whole house. Their brothers made no claim to the possession of the property, or any part of it, nor did Charles and Mary, or either of them, in any wise hinder them from occupying their shares of the homestead, if they had seen fit to do so. There is no ground for requiring Charles and Mary to account. *Davidson* v. *Thompson,* 7 *C. E. Green* 83; 1 *Washb. on R. P.,* ed. 1860, *p.* 420, §§ 14, 15; *Sargent* v. *Parsons,* 12 *Mass.* 152.

Charles and Mary protest against a partition, unless it be made on such terms as, at least, to secure to them the benefit of the charges which the will directs to be made against George and Henry, in respect to the land specifically devised to them. The complainant insists that the considerations presented by the answer, cannot, properly, influence or affect the action of this court, seeing that no question is made as to the legal title of the complainant to the share which he claims to own in the real estate of which he seeks partition. But, when partition is sought in this court, it will only be accorded on equitable terms, when it seems to the court just that such terms should be imposed. *Doughaday* v. *Crowell,* 3 *Stockt.* 201; *Haines* v. *Haines,* 4 *Md. Ch. R.* 133. The court cannot be successfully called upon to work injustice. The fact that the complainant might obtain partition at law, or that he is entirely at liberty to sell his undivided interest in the real estate in question, will not induce this court to

Barrell *v.* Barrell.

grant him the unqualified partition he seeks, if it appear that it would be unjust to do so.   He has come into this court for equity, he must, therefore, do equity.   That he and his brother Henry have possession of a large amount of their father's personal estate, and between them have held it ever since their father's death, is not denied.   Nor is it denied that they have not paid to their brother and sister their shares of it, although they have frequently been requested to make such payment.   That George and Henry have not paid to their brother and sister their proportions of the money with which they were to be charged in the division of the estate, in respect of the lands specifically devised to them, is proved, and indeed is not denied, and it is proved that the complainant has refused to pay anything on account of the $8000 with which he is to be charged.   No reason whatever is given, nor is any excuse offered, although all the parties were sworn as witnesses, for thus withholding from Charles and Mary their shares of their father's estate.   The sums to be charged in respect of the real estate are not charged upon the lands. Charles and Mary have no security for either their shares of that money, or of the personal estate, beyond the personal responsibility of George and Henry.

The complainant is before this court, asking for a division of part of the estate.   It is but just that he and his brother Henry should be required, in the division to be made here, to account to their brother and sister for their shares of the amounts charged in respect of the specific devises of real property to them.   That can be done by charging the share of each of them in the real estate to be divided, with three-fourths of the amount with which, by the will, he is made chargeable in the division.   The charge is to be for the equal benefit of his co-devisees.

Decree accordingly.