BUCKELEW *vs.* SNEDEKER.

1. A tenant in common is not chargeable to his co-tenant for the latter's
share of the rental value of the premises, which are equally open to and
may be occupied by both.

2. A tenant in common who cultivates the land and receives the entire
proceeds, is chargeable to his co-tenant for his share of the profits.

Bill for partition and account.    On exceptions to master's
report of account.

*Mr. D. R. Boice,* for exceptions.

*Mr. P. L. Voorhees, contra.*

THE CHANCELLOR.

The bill states that from on or about the 1st day of April,
1869, up to the time of filing the bill, the defendant had sole
possession of the property, and had received all the rents,
issues and profits thereof, and had neglected and refused to
account to the complainant for her share, and had appro-
priated all of them to her own exclusive use, and it prays an
account and payment accordingly.    The answer denies that
the defendant had had possession of the part of the dwelling-
house, which, by the agreement of the parties, (who are sisters)
had been set apart for the occupation of the complainant, but
alleges that, on the other hand, it had been unoccupied and at

the disposal of the latter ever since she left the premises. It denies, also, that the defendant had sole possession of the land prior to August, 1874, but admits that since that time she has had such possession, and states that she has, since then, cultivated the property, or so much thereof as was capable of cultivation, and has received the rents, issues and profits thereof. It alleges that such sole possession was with the consent of the complainant, and that the defendant cultivated the land for the common use and benefit of the complainant and defendant, and that in cultivating the property and paying taxes, and for repairs and improvements, the latter has spent large sums of her own money as well as that which was received by her from the products of the farm, for which she should be credited, and has been put to great trouble, for which she ought to be compensated. The defendant denies any indebtedness to the complainant for the use of the property, and claims that, on the other hand, she should be paid for superintending and conducting the cultivation of the premises since April 1st, 1869, from which time to the time of filing the bill, she claims to have had full charge of the cultivation of the property for herself and the complainant. Under the reference ordered to take the account, the master has reported that there is due to the complainant from the defendant $189. He has charged the latter with $35 a year, as the complainant's share of the rents and profits. The defendant has excepted to the report. I am of opinion that the charge is excessive. The defendant is not chargeable with rent for the half of the house. The complainant left the premises of her own accord, and there is no evidence of any exclusion of her by the defendant from any part of the property. On the contrary, the evidence is, that the complainant voluntarily left the premises on account of some disagreement between her and the defendant, but there is no evidence as to the cause of her departure. The defendant is only chargeable with the rents, issues or profits of the land, because she cultivated the land and received the benefit of its entire product. The annual value fixed by the master included the value of

the house. To the extent of the annual rental value of the buildings, at least, the valuation is excessive. The defendant should be charged with no more, at most, than one-half of the fair rental value of the land cultivated by her since 1868. In 1872 the land was tilled on shares, pursuant to an agreement made by the complainant with a person who cultivated it that year. The defendant had the benefit of half of the products of that year. She should, for that year, be charged with the value of one-quarter of the products, whatever they were. She should have credit in the account for the marl purchased by her and put on the property, and for the repairs to the barn. I am not able to determine from the evidence what would be the proper sum to be awarded to the complainant, as the result of the account. I regret this the more because I would be glad to spare these litigants the trouble and expense of a new account. I cannot doubt, however, that the counsel of the parties will be enabled, by this expression of the views of the court as to the principles on which the account should be taken, to arrive at a satisfactory and inexpensive adjustment of the matter.

The first and third exceptions are allowed. The second, which is based on the non-allowance of interest to the defendant, on payments made by her, and with which she is credited, is not allowed, for the reason that the master allowed no interest to the complainant.

Costs will not be awarded to either party on the exceptions.