Switzer v. Switzer.

---

MARGARET SWITZER, by her next friend,

*v.*

MARGARET J. SWITZER et al.

[Decided October 27th, 1898.  Filed June 10th, 1899.]

1. A tenant in common, who collected rents of land of all of the co-tenants, and a widow owning a dower interest, should, in accounting with the co-tenants for lands, be credited with one-third of the rents which she paid to the widow.

2. The rule that a guardian cannot deal with a ward's real estate does not prevent a guardian from expending rents of the ward's land in satisfying an encumbrance against it.

3. Though a ward did not, by her guardian, expressly agree that one collecting rent of her land might apply it to the satisfaction of an encumbrance, she will be bound by such payment, made with the knowledge and acquiescence of the guardian.

4. A notice by a tenant in common revoking the authority of her co-tenants to collect rents and apply them to the satisfaction of an encumbrance was, together with a bill by the tenant in common for an accounting for rents and profits, sufficient to revoke the co-tenant's authority, though the notice purported to revoke a power of attorney which had never been executed.

5. A tenant in common who, with the acquiescence of her co-tenants, collected rent and applied it to the extinguishment of an encumbrance, is not, on an accounting for the rents, entitled to a credit for payment made after her authority was revoked.

6. A tenant in common who collected rents and took care of the property is not, in the absence of a special agreement, entitled, as against her co-tenants, to compensation for services.

7. On an accounting for rents brought by a tenant in common against the other co-tenants, one of whom collected the rent, the master to whom the reference is made should make an account showing the whole balance due from the tenant receiving the rent, ignoring payments made by her to the co-tenants and a widow holding a dower interest, and another account showing the amount due from her to the widow and each co-tenant.

On exceptions to master's report made in pursuance of a reference to take an account of rents and profits received by the defendant Margaret J. Switzer.

*Mr. William J. Meagher,* for the exceptant.

*Mr. Frederick E. Hodge, contra.*

PITNEY, V. C.

The complainant, an infant of tender years, her aunt, the defendant Margaret J. Switzer, and her two uncles, Edwin and George Switzer, also defendants, were, from July, 1890, up to the date of the sale of the premises in this proceeding, tenants in common in equal shares of three houses and lots in Essex county, in two of which the defendant Anne Switzer was enti-

tled to dower as the widow of the common ancestor, Henry Switzer, Sr., who died in May, 1890.

The complainant represents her father, Henry Switzer, Jr., who died in July, 1890. One or both of the defendant brothers appear to have been infants at the death of their father.

The defendant Margaret J. Switzer, immediately after the death of her father and brother Henry, took possession of all the premises through the tenants, and rented them and collected the rents, paid the taxes, interest on the mortgage, insurance and repairs up to the time of the filing of the bill, and thence until the accounting.

The bill was filed January 12th, 1897, praying partition and an account of the rents and profits, and the answer of the defendants on the 15th of April, 1897. Reference was made to Master Knight on May 27th, 1897, to ascertain the state of the title and the propriety of a sale instead of an actual partition. He made his report on the 30th of August, 1897, which was confirmed, and by virtue of it the premises were all sold.

On the 30th of November, 1897, reference was made to a master to state an account between the parties as to the rents, issues and profits of the land, and to ascertain any and all sum or sums due from either of said parties to the other, and report the same to the court. The master made his report on the 18th of March, 1898, and exceptions were filed to it July 22d, 1898.

The bill treated the right of dower of the defendant Anne Switzer as still in existence.

The defendants, by their answer, set up that on the 19th of April, 1895, the widow, Anne Switzer, entered into an agreement in writing with the other defendants and Lydia Switzer, the guardian appointed by the orphans court of the infant complainant, by which the widow agreed to receive from the tenants in common, and the tenants in common agreed to pay to the widow, the sum of $500 in payment for her right of dower in the premises, $200 of which was to be paid down and the balance at the convenience of the heirs-at-law, and upon such payment the widow agreed to execute and deliver a formal release of her dower.

The answer alleged that it was understood and agreed between the guardian of the complainant, who was her mother, and the defendants that the amount of the contract price for the dower remaining unpaid should be paid from time to time as Margaret J. Switzer, who was collecting the rents by a power of attorney from her stepmother and her two brothers, should be able to extinguish it out of the rents and profits, and that at the time of filing the answer about $400 had been paid on account of it and about $100 still remained due.

The hearing before Master Knight was had on several days between May and August, 1897, and on one of the last days of the hearing the defendants produced a formal release of the dower, duly executed by the defendant Anne Switzer to the four tenants in common, acknowledging the payment of $500, and it appeared that of that sum $180 had been paid by Margaret Switzer out of the rents since the filing of the bill.

The premises subject to dower were also subject to a mortgage, and produced at the sale $1,575 above the mortgage.

The widow, at the date of the execution of the agreement, from which time the release took effect, was fifty-three years old, and the master, whose report is excepted to, estimated her dower by the tables to be worth $314. He treated the contract to pay $500 as not binding on the infant, and allowed the defendant Margaret only the amount of the actual value of the dower, $314, as between her and the complainant.

This ruling is the ground of the first exception.

It also appeared that Margaret had paid to the widow before the date of the agreement, as her share of the rents and profits of the lands subject to dower, the sum of $147.50. This item, as I understand the report, the master has refused to allow her, and exception is also taken to this ruling.

Two or three other exceptions in other matters were taken to the rulings of the master, which may be disposed of simply by saying that I think the master in all the instances except the two just mentioned, was clearly right.

With regard to the exception against the payment to the widow of a part of the net income of the lands subject to dower

up to the date of the agreement for the extinguishment of it, I think the master is clearly wrong. The account of the income and outgoes of the property subject to dower should have been stated up to that date, and the accountant credited with the payment of one-third of it to the widow.

With regard to the disallowance to the accountant of any payment to the widow as consideration for the release of her dower beyond its value on the date of the agreement, namely, $314, other and somewhat nice questions arise. Counsel argued this exception on the basis of a lack of power of the guardian of complainant appointed by the orphans court to deal with the real estate of her ward. But there was here no dealing by her with the real estate of the ward except to buy up and attempt to pay off a lien upon it, and in so doing the guardian, so far as she dealt at all with property of the infant, dealt with pure personalty, namely, the infant's share of the rents and profits of the real estate; and such rents and profits after they accrue are clearly within the power of the guardian. But, in point of fact, there is nothing on the face of the written agreement, nor was any proof offered, to show that the infant's share of the rents was, by any express agreement, oral or otherwise, made by the guardian, devoted to the payment of her share of the $500. The evidence, however, does show that the affairs of the infant were looked after by her mother and a Miss McCreery, her aunt and a sister of her mother, and that after the appointment of the mother as guardian they both acquiesced not only in the collection of the rents by the defendant Margaret, but also in their application by her towards the extinguishment of the dower in pursuance of the agreement, and that this acquiescence continued up to a short time before the bill was filed, when disputes arose between them, and the guardian served upon the defendant Margaret a written notice revoking her power of attorney to collect rents. This power of attorney the notice declares was dated in April, 1895. Counsel for the defendant Margaret argues that this formal revocation was of no force, because in fact no such power of attorney had been given to Margaret by the guardian. We have seen that such a power was given to Miss

Switzer by her two brothers, and it is quite possible that the guardian may have supposed that she had signed it, or, what is more probable, she may have supposed that the agreement of April, 1895, contained such power; and this supposition is fortified by the fact that the notice of revocation refers to a power of attorney dated in April, 1895, which is the date of that agreement. But whatever express authority the defendant Margaret had from the guardian was given to her at the date of the agreement made with the widow; and under the circumstances, I think this formal revocation, taken in connection with the filing of the bill, was full and complete notice to the defendant Margaret that the guardian of the infant revoked all authority, express or implied, on the part of Margaret to pay any money for the infant.

The contract itself, which was signed by the guardian as such, could have no binding effect upon the infant or her estate. It was not made for necessaries, nor was it of a nature that the guardian, *virtute officii*, had any authority to make, and, as we have seen, it did not, by its terms, authorize the defendant Margaret to make any payments out of the rents. The payments made by Margaret can only be binding on the infant so far as they were knowingly acquiesced in by her guardian. To that extent I think they are clearly binding. The guardian had the right to apply the rents, after they had accrued and been paid, towards the extinguishment of the dower, and this she did by acquiescing in them up to the time of the giving of the notice of revocation. Such acquiescence only extends to the payment of $320, substantially the amount which the master has found to be the actual value of the widow's dower at the time the agreement was made. The final payment of $180 was made by the defendant Margaret pending the hearing before Master Knight, after the revocation of her authority and under advice of counsel. In that I think she was illy advised, and should have stopped further payments, and have permitted the value of the widow's dower to be ascertained by a sale of the premises, and then claimed credit for payments already made under the agreement against the amount coming to the widow.

Further, the defendant Margaret claims compensation for services in supervising the property, collecting the rents, paying taxes, &c.   No authority was cited in favor of such a claim, founded on such services, in the absence of a special contract, and I can find none.   The trend of the authorities seems to be against any such allowance.   They are found in *11 Am. & Eng. Encycl. L. 1111.*

The report will be referred back to the master to be restated according to these views.   The parties seem to have misconstrued the force and effect of the order of reference in this case.   The master has failed to state any account whatever, and has contented himself with simply allowing and disallowing certain items in an account presented by the accountant, the defendant Margaret, which was not made a file of the court or in any way a part of the record.   He should make up an account showing the balance due from the defendant Margaret on account of all the properties, ignoring any payments made by her to any of the tenants in common or the widow; then make up a separate account between the accountant and the complainant, and also between each of the defendants, if required by them, showing the balance, if any, due from the defendant Margaret to each. She is the accountant, and the money is not due from her to the " estate of Henry Switzer," as appears to have been supposed, but is due to the widow and heirs of Henry Switzer, severally.

The order referring it back to the master to have the account restated will declare that the second exception is allowed, and that the other exceptions are overruled.

No costs will be allowed on these exceptions.   There appears to be nothing in controversy between the defendants, and the amounts in controversy between the defendant Margaret and the complainant are small, and should have been disposed of by counsel without the quite considerable expense that has been incurred before both masters.