JOSIAH WHITE et al.

*v.*

ELLA ETTA SMITH et al.

[Decided January 4th, 1906.]

1. In a suit for partition, allowance from the gross proceeds of sale will be made to parties for taxes paid by them for the value of permanent improvements of a necessary or suitable character, placed by them upon the property at their own expense, and for lawful interest on the sums so expended.

2. In a suit for partition, complainants will not be required to account for rents or profits resulting from their possession of the premises where it does not appear that they excluded their co-tenants from the enjoyment of the premises, nor that they received any rents or profits from letting the premises, nor that in occupying the same as a farm they actually made any profit.

On bill for partition. Answer, cross-bill and proofs.

*Mr. Clarence L. Cole,* for the complainants.

*Mr. Louis G. Morten,* for the defendants Ella Etta Smith and others.

*Mr. John J. Crandall,* for the defendants Josephine Maud Lake and Frank Lake.

GREY, V. C.

In this case the proofs satisfy me:

*First.* That the premises described in the bill of complaint are so situated and of such character that they cannot be divided among the owners thereof, according to their several shares, without great prejudice to their interests resulting from such division, and that for this reason the property must be sold and the proceeds divided among the several owners according to their respective interests.

*Second.* That a proper allowance should be made to the complainants for taxes by them paid, and for the value of permanent improvements by them placed· upon the' property at their own expense, which were of a character consistent with the nature of the property, and either necessary or entirely suitable and justifiable for its development, which allowance should be paid from the gross proceeds of sale, with lawful interest. That like allowance and payment should be made to such defendants as paid taxes on said property.

*Third.* That it has not been shown that the complainants received any rents or profits from the letting of the premises in question, and that it does not appear that they excluded their co-tenants from the enjoyment of the premises in common with themselves, the premises consisting of a small farm, which the complainants occupied and conducted at their own expense; nor is there any showing that in so doing they actually made a profit, and that therefore the complainants.should not be required to account for rents or profits, &c., as prayed in the cross-bill; that there is no showing of damage done to the premises by complainants, as alleged in the cross-bill, and that such unliquidated claims are not here cognizable.

*Fourth.* That the proofs show that the original complainants or their grantees are seized of and entitled to an equal undivided one-third part of the premises; that the defendant Ella· Etta Smith is seized of and entitled to another equal undivided third part of said premises, and that George H. Weaver and Josephine Maud Lake are each seized of and entitled to an equal undivided one-sixth part of the same.

A decree will be advised according to these conclusions.