This is a partition suit in which the only issues relate to the account.
Morris Mastbaum died March 13th, 1936, seized of the premises in question which he devised to four nieces and nephews, namely, the complainants Josephine Mastbaum and Leo Mastbaum, and the defendants Louis L. Mastbaum and Johanna Olsan. The property consists of a lot about thirty-three *Page 368 
feet by one hundred feet, and a two-family house thereon. At the time of testator's death, the lower floor was occupied by a tenant who moved out December 15th, 1936. The executor of the will, who was looking after the property for the owners, rented the lower floor to a Mrs. Beckhorn in February, 1937, at $30 a month. The upper apartment was occupied by the testator himself at the time of his death and thereafter remained vacant a year, despite the executor's attempts to rent it. About April 1st, 1937, Louis L. Mastbaum, his sister Mrs. Olsan, and her husband, moved into the apartment. Before the defendants took possession, they had a conference with complainants at which the terms of occupancy were discussed, but no agreement was actually reached. The rights and duties of the parties depend upon the law applicable to tenants in common in the absence of contract.
Chancellor Williamson, in Izard v. Bodine, 11 N.J. Eq. 403,
said that the following propositions are well established:
"1. If one tenant in common occupies the whole estate, claiming it as his own, it is an ouster of his co-tenant, who must first establish his right at law, and then recover his mesne profits — for one tenant is bound to account to another only as his bailiff appointed by contract, express or implied.
"2. Where one tenant in common actually receives the rents, issues and profits, then he may be compelled to account for such profits actually received; but this is by statute, both in England and this state, and not by the common law.
"3. Where one tenant in common occupies the whole estate, without claim on the part of his co-tenants to be admitted into possession, he is under no obligation to account — for he had a right to such occupancy."
The first of these propositions presents a legal remedy for a tortious act — not an accounting for rents collected, but a judgment for mesne profits, that is, the rental value, or, as it is sometimes put, the value of the use and occupation of the land. 18 Am. Jur. 120. The tort which leads to the judgment is the ejectment or ouster. "One joint tenant or tenant in common may maintain ejectment against his companion on proof of actual ouster, or of facts from which ouster *Page 369 
may be inferred. In this case, there can be no difficulty on this point, the case showing the defendant in possession holding adversely under a deed for the whole premises, and denying the title of his co-tenants." Den, ex dem. Obert v. Bordine,20 N.J. Law 394, 400.
"An ouster is a wrongful dispossession or exclusion of a party from real estate. * * * It involves a question of intent. It may be committed by one tenant in common against his or her co-tenant, and may be proved by any acts which show an actual intent to exclude the co-tenant permanently from his rights."Newell v. Woodruff, 30 Conn. 492, 497. "An entry by one man on the land of another is an ouster of the legal possession arising from the title or not, according to the intention with which it is done; if made under claim and color of right, it is an ouster; otherwise it is a mere trespass; in legal language, the intention guides the entry, and fixes its character." Ewing
v. Burnett, 11 Pet. 41, 52; 9 L.Ed. 624.
Courts of equity have for long awarded mesne profits as part of the relief in partition suits, when one tenant has been ousted by another. The definitions of ouster which I have quoted were written in ejectment actions. While our court of chancery still uses occasionally the same word to describe the situation which will warrant the recovery of mesne profits, it gives the term more flexibility than does a court of law, and often employs the word "exclusion" as the test of liability instead of ouster.
The rare case, which is illustrated by Rowden v. Murphy,20 Atl. Rep. 379 (Stevens, A.M.), is where the tenant in possession denies the title of his co-tenants — where there is a clear ouster in the legal sense. More frequent are the instances in which the defendant in possession, while not claiming sole title, yet by his conduct deprives his co-tenant of all benefit from the premises. Thus in Izard v. Bodine, supra, and in Vass v.Hill, 21 Atl. Rep. 585 (Bird, V.C.), the tenant in possession refused to join in an advantageous lease. The ancient case ofDrury v. Drury (1630), 1 Ch. Rep. 49; 21 Eng. Rep. 504, is of the same character. And in Low v. Holmes, 17 N.J. Eq. 148
(Green, C.), where the property in *Page 370 
question was not real estate but was machinery and material of a printing office, the defendant being in the sole possession and enjoyment, refused to divide or sell and give complainant his share. It will be noted in each of these cases that the conduct of the defendant which led to his liability, was more than mere use and occupation of the property. One tenant excludes his co-tenants when he pursues a course of action which prevents them from sharing in the benefit of the property and when, in the absence of such conduct, they would probably reap some benefit from the property.
Under the rule which I have been considering, the tenant in possession who excludes or prevents his co-tenants from sharing in the benefit of the property, accounts for the rental value of the property, whether he makes a profit or not. Under the second rule of Izard v. Bodine, supra, he accounts only for profits actually received, and his liability is founded not on anything in the nature of an ouster or exclusion but on the receipt of more than a just share of the profits. R.S. 2:38-3. Here, our leading case is Edsall v. Merrill, 37 N.J. Eq. 114 (Van Fleet, V.C.). If the common property is rented to a third person, and one of the tenants in common collects the rent, he must account like a bailiff. Or if he operates the property, be it a farm, or whatever it be, he must give his co-tenants a share of any pecuniary profit he receives therefrom. Edsall v. Merrill
was the case of a mica mine and the court held that the tenants in possession could charge against the profit in which their co-tenant was entitled to share, the value of their own labor and services. Thus stating the account, there were no profits and consequently the bill was dismissed.
In Buckelew v. Snedeker, 27 N.J. Eq. 82 (Runyon, C.), one tenant in common was in possession of a farm, which he cultivated and received the entire proceeds. He was held chargeable to his co-tenant for his share of the profits. In Davidson v.Thomson, 22 N.J. Eq. 83 (Zabriskie, C.), the property was a strip of land five by fifty feet, adjoining the rear of the defendant's sole property. He leased it to a tenant together with his own property. The court held that if the inclusion of the strip in the lease in fact increased the *Page 371 
rent, then the defendant must account for the increment; otherwise there was nothing to account for. In these three cases, the tenant in possession was chargeable only with the profit actually received by him and not with rental value.
If there be nothing that amounts to an ouster or an exclusion, and if no rents be collected or pecuniary profit made from the property, then the tenant in possession, although he occupies the whole estate, is under no obligation to account. Such is the third proposition of Chancellor Williamson. It is the basis of the decisions in Barrell v. Barrell, 25 N.J. Eq. 173 (Runyon, C.), involving a dwelling house; Rose v. Cooley,62 Atl. Rep. 867 (Bergen, V.C.); White v. Smith, 70 N.J. Eq. 418 (Grey, V.C.), both farm cases, and Tolen v. Tolen, 96 N.J. Eq. 496
(Backes, V.C.). In the last of these, the property was a six-room house on a twenty-five-foot lot. There were five tenants in common, one of whom with her husband lived in the property. Vice-Chancellor Backes said: "Mrs. Winans was in sole but not in exclusive possession. She had the legal right as co-tenant to occupy the house. Co-tenants have a several and equal right of possession and the possession of Mrs. Winans is presumed to be in accordance with her title. This presumption is not disturbed by the established circumstance. Her co-tenants were not excluded. They made no claim for joint occupancy and she asserted no right to exclusive possession. They had the right to occupy the premises with her. If they chose not to do so, they cannot complain of her sole occupation. The law is well settled in this state that in a situation such as is here presented, a tenant in common is not obliged to account for his occupation."
The situation has frequently arisen where one tenant in common has occupied part of the premises as a dwelling and has received a profit from the rest of the property either by farming or by letting. It is clear that he is accountable for the profit. Whether he is also accountable for the value of the use of the part in which he lives depends on whether his conduct is such as to exclude his co-tenants from enjoyment of the property. InBuckelew v. Snedeker, supra; Sailer v. Sailer, 41 N.J. Eq. 398
(Runyon, C.); Lloyd v. Turner, 70 *Page 372 N.J. Eq. 425 (Grey, V.C.); O'Connell v. O'Connell, 93 N.J. Eq. 603
(Gummere, C.J.), and Neubeck v. Neubeck, 94 N.J. Eq. 167
(Trenchard, J.), the tenant in possession, while charged with rents collected or other pecuniary profit, received from the property, was held not liable for the rental value of the dwelling house or apartment in which he lived. Vice-Chancellor Fielder charged the tenant in possession with rental value, inMaxwell v. Eckert, 109 Atl. Rep. 730, and Platt v. Platt,93 N.J. Eq. 395, because the co-tenants had been excluded. InRowden v. Murphy, supra, Mr. Stevens, afterward vice-chancellor, placed liability on defendant, not only because she denied her co-tenants' title, but also on the ground that to allow her to retain half the rents collected without charging her with half the rental value of the part she inhabited would be opposed to natural equity, and would not accord with the statute. The statute, R.S. 2:38-3, gives one tenant in common an action "against the other, as bailiff for receiving more than comes to his just share or proportion." Mr. Stevens held that the defendant did receive more than her just share when she retained half of the rents of a part of the property while she also derived a substantial benefit by occupying the other part. This theory cannot be sustained in view of the determination of the court of errors and appeals in the O'Connell and NeubeckCases, supra.
In Izard v. Bodine, supra, the chancellor says that while a tenant in common is entitled to possession in common of the whole property with his co-tenant, he has no right to the exclusive possession of any particular portion of the property. It seems evident to me that this idea cannot be pressed too far. Co-tenants cannot actually occupy in common every part of the premises, no matter what their description. If they live together in the mansion house, still each has exclusive possession of his own bedroom. If the property be a farm, unless they are willing to go into partnership, one must till certain fields and one, other fields. Two men cannot plow the same furrow. Take a small lot and six-room house such as was the subject of Tolen v.Tolen, supra. There were five tenants in common, at least one of whom was married. It is obvious that they could not all live in the property. Yet *Page 373 
Vice-Chancellor Backes held that Mrs. Winans, who dwelt there with her husband, was not liable to her co-tenants for rent. Her occupation was not an "exclusive possession."
In the case before me, there is no evidence of the number of rooms in the apartment where defendants reside, but since the lower apartment rents for $30, I assume that the upper apartment consists of no more than a couple of bedrooms, a living room and a kitchen. If the complainants had wanted to move from New York and live in the apartment, they could not have done so unless defendants vacated it. The only way in which all the tenants could obtain an equal benefit from the apartment was by renting it to a third party. This, through the instrumentality of the executor, they tried unsuccessfully to do. If defendants had obstructed a leasing so as to obtain for themselves the sole benefit, they would be liable to account for the rental value under the cases cited above, but they did not do so. They moved into the property because it was advantageous for them to do so and because complainants did not desire to live there. Unless defendants had moved in, none of the parties would have received any benefit from the property. Tenants in common are not required to let their property stand vacant under penalty of paying rent to their co-tenants. Defendants are not liable for rental value.
They have presented an account of the rent collected and ask to be discharged because they have spent the money for repairs, insurance, taxes, c.
A tenant in common who is in sole possession of the common property, is under a duty to his co-tenants to preserve the property by making needful, ordinary repairs, and paying taxes, mortgage interest and insurance premiums. Clute v. Clute
(N.Y.), 90 N.E. Rep. 288; 27 L.R.A. (N.S.) 146; Ellis v.Snyder (Kan.), 112 Pac. Rep. 594; 32 L.R.A. (N.S.) 253.
This duty rests upon the receipt of benefits, actual or presumed, equal to the cost of preservation of the property. VictoriaCopper Mining Co., 193 Fed. Rep. 314; 113 C.C.A. 238. A tenant in sole possession of part of the property is under a like duty in respect to the part which he occupies. Sailer v. Sailer,supra; Rowden v. Murphy, supra. *Page 374 
Defendants must be charged with the expenses imposed on them by this rule — that is, one-half the amount accrued for taxes, insurance, interest and general repairs and the whole cost of repairs solely benefiting their own apartment. I will add this proviso, which derives from my finding that the monthly value of their apartment is $30. The amount so charged defendants shall not exceed, on the average, $30 a month.
Defendants ask for their services in connection with the property $1.50 a month, or five per cent. of the rent collected. Complainants object on the authority of Switzer v. Switzer,57 N.J. Eq. 421, 427 (Pitney, V.C.). Defendants reply that they were under no duty to donate their time and services to their co-tenants. Edsall v. Merrill, supra. I think the SwitzerCase governs and disallow this trifling item.
Counsel should be able to agree on the account without the expense of a reference.