This is a suit praying for the construction of a will. The testator died in 1936 leaving as his sole heirs his three children, Clovis Giguere, Cecile G. Henke, Ulrich Giguere. Clovis Giguere is married and has three children, all minors, Cecile Henke is married and Ulrich Giguere is single. By the terms of the will executed in 1927, a trust company was appointed executor and trustee but renounced, and Clovis Giguere and Cecile Henke were appointed as administrators.
The estate consists of a negligible amount of personal property and four houses, together with another unfinished house which has been substantially abandoned as being impossible of completion. One of the houses known as the homestead was occupied by the testator and his three children up to the time of his death, and the three children and the families of the married ones continued to live in the homestead until May, 1938, when the complainant, Clovis Giguere, *Page 8 
and his wife and children voluntarily moved out. The portion of the homestead vacated by complainant has been rented for $20 a month. The other two children have continued to occupy the rest of the house. The three remaining completed houses are rented and bring in an income. Taxes and interest on the homestead have been paid out of these sources of income. None of the three children paid or were charged with anything in the nature of rent for the occupation while all three of them occupied the premises.
It is the contention of the complainant that the brother and sister should be charged for their occupation of the homestead, in proportion to their use, and that no funds coming in from the other three houses should be applied towards taxes and interest. The question as to whether defendant should be so charged depends upon the rights created by the provisions of the will. The relevant clauses of the will are as follows:
"3. I direct my executor to sell my furniture and personal effects to my children, or if this cannot be arranged, then at public or private sale, as my executor shall decide to be for the best interest of the estate; provided, however, that if it is the desire of the children to maintain the home after my death, the furniture and other personal effects shall not be disposed of so long as the children may desire to use them as conveniences in the home.
"My personal estate having been reduced to money, I direct that the same should be invested and re-invested as my trustee may decide to be advantageous to carry out my wishes as herein expressed.
"4. I give to my trustee all my property, real and personal, to be held in trust as herein provided.
"The property shall be held in trust during the lives of my three children, Clovis, Cecile and Ulrich, and during the lives of the survivors and ultimate survivor and upon the death of the last surviving child the trust shall cease. During the period of the trust, my trustee shall take care of the property, see that it is safely preserved and invested, and after the payment of all expenses connected with the trust, including taxes and commissions, one-third of the net income shall be paid quarterly to my son, Clovis, during his life; one-third of the net income shall be paid quarterly to my daughter, Cecile, during her life; one-third of the net income shall be paid quarterly to my son, Ulrich, during his life.
"Upon the death of each child, until the termination of the trust, one-third income payable to each child shall be paid to his or her surviving husband or wife, and the children as the deceased child may by his Will direct; and if said child should die intestate, the said *Page 9 
income shall be paid over to the executor or administrator of his estate, to be distributed according to law, provided, however, that if any child should die unmarried and without issue the said income shall be paid to the surviving children in equal shares.
"Upon the termination of the trust, one-third of the principal of the estate shall be paid to the estate of each child as part of the estate of such child."
In construing the will, it is, of course, the intention of the testator which is given effect, but this intention must be found within the language used. The instant will is not artfully drawn, having been prepared by a layman, and the words used possibly are not intended in their exact, technical sense. However, it is sufficiently clear that each of the three children was given a life interest in one-third the estate and that each of them has a vested remainder upon the termination of the trust. It will be noted, however, that each remainder vests not upon the death of the particular life tenant, but upon the death of the last survivor of them, so that in any instance, the share of life income may go to someone other than the heirs and assignees of the life tenant. Therefore, in my opinion, the three children are strictly tenants in common only of the remainder, whereas they are only beneficiaries of a trust in the meantime.
In defining the rights of the parties, effect must be given to the provision of the will, which provides that if the children desire to maintain the home, the furniture and other personal effects shall not be disposed of so long as the children may desire to use them as conveniences in the home. At the time the will was made and at the time of testator's death, the three children were living in the home, and I can see no other meaning to the language used, except that testator intended that the children should continue to live there so long as they wished. This gave each of the three a beneficial use of the premises and, in effect, gave to each of the three the rights of a tenant in common, irrespective of any technicalities of legal title.
I accordingly find that the will provided that each of the three children had a right to remain on the premises so long as desired, subject only to the right of the other children to *Page 10 
do the same. The rights being the same as those of tenants in common, the same rules of chargeability for occupation are applicable. A co-tenant who ousts a fellow co-tenant, asserting a sole right to occupancy, is chargeable with the full value of the premises. Izard v. Bodine, 11 N.J. Eq. 403; Mastbaum v.Mastbaum, 126 N.J. Eq. 366; 9 Atl. Rep. 2d 51; Neubeck v.Neubeck, 94 N.J. Eq. 167; Tolen v. Tolen, 96 N.J. Eq. 496.
These same cases are authorities for the further proposition that a tenant who has not been ousted and sees fit not to use the premises has no right to an accounting for the value thereof against a co-tenant in possession.
In the Mastbaum Case, the court stated (at p. 373): "A tenant in common who is in sole possession of the common property is under a duty to his co-tenants to preserve the property by making needful ordinary repairs, paying taxes, mortgage interest, and insurance premiums." Such is not the situation here, since defendants are not in sole possession but are only occupying the part of the premises which testator intended that they should have the right to continue to occupy, and the rest of the premises is producing an income applicable to the expenses of maintenance.
A decree will be advised absolving the defendants from any liability for their use of the homestead. *Page 11