8 N.J. Super. 44 (1950)
73 A.2d 191
ELIZABETH MURPHY, ROBERT MURPHY, JOHN REGAN, MAY REGAN, CECILIA GLYNN AND JOHN GLYNN, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH REGAN, DEFENDANT-APPELLANT, AND MARY REGAN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1950.
Decided May 11, 1950.
*45 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Carmen La Carrubba argued the cause for appellant (Mr. Charles J. Weaver, attorney).
Mr. Cyrus W. Lunn argued the cause for respondents.
The opinion of the court was delivered by COLIE, J.A.D.
Catherine Schlosser died intestate in 1948 owning a two-family house in North Bergen, Hudson County, New Jersey. In 1942 she was declared mentally incompetent and her brother, Joseph Regan, was appointed her sole guardian. In 1943 he arranged to have the tenant on the first floor move and he and his family thereafter occupied it at a rental of $55 a month. His occupancy was under an arrangement entered into with himself as guardian. Upon the death of Catherine Schlosser, title to the premises vested in her brothers and sisters, Elizabeth Murphy, John Regan, Cecilia Glynn, Mary Large and the defendant, Joseph Regan, their respective *46 interests being an undivided one-fifth interest. After the death of Catherine Schlosser the defendant, Joseph Regan, never accounted to his co-tenants for the value of the premises occupied by him nor did he expend any moneys for the upkeep of the property and the proof is undisputed that he collected $100 from a tenant who occupied a part of the second floor apartment.
The plaintiffs, Elizabeth Murphy, Robert Murphy, John Regan, May Regan, Cecilia Glynn and John Glynn, filed a complaint in which they sought partition of the premises and an accounting from Joseph Regan for the rents collected and for the use and occupancy of that portion of the premises in which he lived. At the time the matter went to trial the parties to the suit, who were all of the co-tenants, agreed that the premises should bes old, and the issues left for disposition on the trial were (1) whether Joseph Regan was accountable for the value of the use and occupancy and for the rents collected since the death of his sister, and (2) whether or not he was entitled to recover for expenditures allegedly made. The judgment as entered ordered the premises sold and entered judgment against Joseph Regan for $815, made up of the reasonable value of use and occupancy from October 30, 1948, the date of Catherine Schlosser's death, to November 22, 1949, when judgment was entered, amounting to $715, and an item of $100 for rent which he collected and appropriated to his own use. A counterclaim filed by Joseph Regan seeking to recover for expenditures for labor and material in improvement of the premises was dismissed, and is not involved in the present appeal. In Izard v. Bodine, 11 N.J. Eq. 403 (Ch. 1857), it was settled that where one tenant in common receives the rents, issues and profits from premises, he must account therefor to his co-tenants. On this appeal the defendant Regan, recognizing the above rule, did not press his appeal as to the $100 rent collected by him. The tenancy of Joseph Regan commenced five years before the death of Catherine Schlosser and continued thereafter and the proofs support a finding that the occupancy of Joseph Regan after the *47 death of Catherine Schlosser amounted to a course of conduct which prevented his co-tenants from sharing in the benefit of the property, and under the holding in Mastbaum v. Mastbaum, 126 N.J. Eq. 366 (Ch. 1939), he is accountable to his co-tenants by reason of such conduct.
The cases of Barrell v. Barrell, 25 N.J. Eq. 173 (Ch. 1874) and Tolen v. Tolen, 96 Id. 496 (Ch. 1924), are readily distinguishable since neither of them involved a tenant of the former owner who remained in possession to the detriment of his co-tenants.
Section 2 of the judgment under appeal is modified to provide that judgment for $815 and costs to be taxed be entered in favor of the plaintiffs, Elizabeth Murphy, John Regan and Cecilia Glynn against the defendant, Joseph Regan, and that said judgment be a lien on defendant's share of the moneys arising out of the sale of the premises aforesaid, and that any moneys collected on the judgment of $815 be brought into court to await the further order of the court.
The cause is remanded for further proceedings in accordance herewith.