The Chancellor.
The petitioner is a purchaser under a sheriff’s sale, made by virtue of a writ of fieri facias issued out of this court upon a decree made in the above stated cause for the sale of mortgaged premises. The petition alleges that the premises, having been duly advertised for sale, were struck off and sold to the petitioner, he being the highest bidder for the same, and a deed therefor delivered to the purchaser; that the deed was exhibited to the tenant, and possession of the premises demanded, and that the tenant refused to surrender possession. The material averments of the'petition are not controverted.
The tenant, by his answer, claims to hold the premises by a title paramount to that of the mortgagee. The answer alleges that De Baum and wife, the mortgagors, claim title to the premises by virtue of the will of George W. Chapman, who died on the eighth of December, 1845; that in and by the said will, the rents, issues, and profits of the testator’s real estate were devised to Christina and her husband, Jacob De Baum, during the natural life of the said Christina, they or either of them to have no power to alienate, waste, or encumber the said real estate; and in case of the death of Christina before her husband, the one equal half of the rents, issues, and profits of the said real estate were devised to the said Jacob Be Baum during his natural life.
That De Baum and wife, having entered into possession of said premises by virtue of the provisions of the said will, on the eighth of December, 1852, by writing under their hands and seals, leased the premises to Jonathan J. Cornwall, for the term of seven years from the first of May, 1853, for the *39 consideration of $575, and therein covenanted for a renewal of the said lease ■ for the further term of four years, at the yearly rent of $100, provided the said Cornwall should so request, which said lease, having been acknowledged, was duly recorded on the second of March, 1853; that the renewal of the said lease was agreed upon, and the rent paid prior to the execution of the mortgage under which the petitioner claims title; that the term is not yet expired, and that the tenant, by his under tenant and lessee, is in possession thereof by virtue of the renewal of the said lease. The answer further alleges, that at the time of the sheriff’s sale, and of the delivery of the sheriff’s deed for the premises to the petitioner, he well knew of the existence of the said lease and of the renewal thereof, and of the respondent’s claim to hold by virtue thereof. The answer further alleges that the mortgagors, De Baum and wife, had no power to encumber the premises, and that the mortgage is void.
Ho replication having been filed, the facts' set up by way of defence to the claim of the petitioner must be taken as true. What is their legal effect upon the claim of the petitioner ?
A court of equity, in order to give to the complainant the full benefit of his decree, and to enforce the due and complete execution of its process, will put the purchaser into possession of premises sold and conveyed in pursuance of its decree.
But in so doing, it will not interfere with nor attempt, in cases of doubt, to settle the rights of any party claiming possession by title paramount to that of the mortgagee or other party in whose favor the decree was made. Schenck v. Conover, 2 Beasley 220; McComb v. Kankey, 1 Bland’s Ch. R. 163, note c.
It is clear, upon the facts stated, that the title of Cornwall, the lessee of the mortgagors, and of Hoopsmith, his subtenant, is superior to that of the mortgagee. The lease is prior in point of time to the mortgage, and the mortgagee necessarily took title subject to the rights of the lessee.
*40 But the decree upon the bill filed for the foreclosure of the mortgage is not only in favor of the mortgagee, but also of a judgment creditor of Jacob De Baum, whose judgment is prior in point of time to the date of the lease to Cornwall. And, by the terms of the decree, the judgment is directed, in accordance with the master’s report, to be first paid and satisfied out of the proceeds of the sale.
Assuming that the devise of the rents and profits of the land operated as a devise of the land itself, the mortgagors, De Baum and wife, by virtue of the devise to them, were seized of a joint estate for their joint lives in the mortgaged premises.
Where a husband and wife are thus seized there is a more intimate union between them than between joint tenants in general. They are said to be seized not per my et per tout, but per tout only. They take by entireties, and not by moieties. Wood, § 182.
The husband cannot dispose of any part of the estate during coverture by his sole act, nor can the wife. A disposition of it can only be made by their joint act. This is the only mode in which it can be aliened. Littleton, § 291, 665; Back v. Andrew, 2 Vern. 120; Green v. King, 2 Bla. R. 1211; Doe v. Parratt, 5 Term R. 654; 2 Bla. Com. 182, and notes; 2 Kent’s Com. 132.
The act of the legislature for converting estates in joint tenancy into tenancies in common does not extend to estates thus held by husband and wife in entireties. Den v. Hardenburgh, 5 Halst. 42; Shaw v. Hearsly, 5 Mass. 521; Jackson v. Stevens, 16 Johns. R. 115; 2 Bla. Com. 182, Sharswood’s notes.
The judgment, therefore, against the husband alone could not encumber or affect the joint estate of the husband and wife. The estate could not have been sold at law to satisfy the judgment. A decree of this court under the bill to foreclose, or made directly upon a bill to enforce the rights of the creditor under the judgment, could confer no higher or better title than a sale of the premises by virtue of an execu *41 tion upon the judgment at law. Whatever effect, therefore, the decree may have upon the rights of the several encumbrancers to the proceeds of the sale, it cannot give to the purchaser a higher title than he would have acquired under the judgment at law. Even as against Cornwall, therefore, who was a party to the bill in this court, the decree cannot affect his rights under the lease; and clearly it cannot operate to prejudice the rights of his subtenant, who was no party to the bill, and whose rights were acquired before the commencement of the suit.
I am of opinion, therefore, that the purchaser at the sheriff’s sale purchased subject to the rights of Cornwall and that of his subtenant, and that, as against them, he is not entitled to the possession of the premises.
It is not necessary, however, to rest the decision upon the legal conclusion at which I have arrived. It is enough that the claim of the petitioner is not clear. The court ought not, upon this summary motion, to settle contested legal rights. If the complainant deems that he has a legal title to the possession, he may resort to his action at law.
The motion for the writ of assistance is denied.