WILLIAM McDERMOTT *vs.* MARY I. FRENCH and others.

The husband is a necessary party to a bill filed by the grantee of the husband against the wife for the partition of lands alleged to have been held by the husband and wife as tenants in common. The wife can only defend the suit jointly with her husband, except under special circumstances.

McDermott *v.* French.

A wife, though living separate from her husband, even though she has been separated by deed, cannot be sued alone: her husband must be joined, if only for conformity.

If an estate in fee be given to a man and his wife, or a joint purchase be made by them during coverture, they are neither properly joint tenants nor tenants in common, for they are in law but one person, and cannot take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole. A conveyance by either alone is inoperative.

The estate thus vested in the husband and wife by a conveyance to them during coverture is not affected by the act of 1812 respecting joint tenants and tenants in common (*Nix. Dig.* 136, § 34). That act extends to joint tenancies only, and not to tenancies by entireties.

But when an estate is conveyed to a man and woman before marriage, who afterwards intermarry, as they took by moieties they will continue to hold by moieties after marriage.

So it seems that a husband and wife may, by express words, be made tenants in common by gift to them during coverture.

When a bill for partition alleges that the husband and wife were seized as tenants in common by virtue of a conveyance to them made during coverture, that fact is not necessarily inconsistent with the creation of a tenancy in common, and on demurrer to such a bill it will be assumed that apt words were used in the conveyance for that purpose. If in truth the conveyance was made to the husband and wife during coverture, and apt words for the creation of a tenancy in common were not used, the fact should be shown by way of plea.

*T. N. McCarter*, for the demurrer.

*D. A. Hayes*, contra.

THE CHANCELLOR. A demurrer is filed to a bill for partition, brought by a grantee of the husband against the wife.

The first ground of demurrer is fatal. The husband is a necessary party. The wife cannot be sued alone. She can defend the suit, except under special circumstances, only jointly with her husband. *Mitford's Eq. Pl.* 105; *Story's Eq. Pl.*, § 71.

The rule observed in recent cases is, that a wife though living separate, even though she has been separated by deed, cannot be sued alone; her husband must be joined, if only for conformity. *Calvert on Parties* 269.

The second ground of demurrer is, that the estate in

question is not susceptible of partition. The bill alleges that the husband and wife were seized in fee of the premises, as tenants in common, by virtue of a certain indenture, made and executed by Samuel D. Burchard and Agnes his wife, bearing date on the first day of September, 1858; and that on or about the first day of September, 1860, the husband, so being seized as tenant in common with the wife, by indenture, under his hand and seal, conveyed to the complainant all the right, title, and interest of the husband in the premises.

If an estate in fee be given to a man and his wife, or a joint purchase be made by them during coverture, they are neither properly joint tenants nor tenants in common, for they are but one person in law, and cannot take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole. *Co. Litt.* 187, *a, b;* 2 *Cruise's Dig., tit.* 18, *ch.* 1, § 46; 5 *Cruise, tit.* 36, *ch.* 7, § 27; 2 *Bla. Com.* 182; 2 *Kent's Com.* 132; *Green ex dem. Crew* v. *King,* 2 *Black. R.* 1211; *Den* v. *Hardenbergh,* 5 *Halst.* 42.

Where a husband and wife are thus seized of the entirety, a conveyance by either is inoperative. *Back* v. *Andre,* 2 *Vern.* 120; *Doe* v. *Panatt,* 5 *Term Rep.* 654; *Jackson* v. *Stevens,* 16 *Johns. R.* 115; *Rogers* v. *Benson,* 5 *Johns. C. R.* 437; *Dias* v. *Glover,* 1 *Hoffman's Ch. R.* 76.

And the estate thus vested in the husband and wife, by a conveyance to them during coverture, is not affected by the act of 1812 respecting joint tenants and tenants in common. *Nix. Dig.* 136, § 34. That act extends to joint tenancies only, and not to tenancies by entireties. *Den* v. *Hardenbergh,* 5 *Halst.* 47; *Shaw* v. *Hersey,* 5 *Mass.* 521; *Jackson* v. *Stevens,* 16 *Johns. R.* 110.

But where an estate is conveyed to a man and woman before marriage, who afterwards intermarry, as they took by moieties, they will continue to hold by moieties after marriage. 1 *Inst.* 187, *c; Moody* v. *Moody, Ambler* 649.

So it seems that a husband and wife may, by express

words, be made tenants in common by gift to them during coverture. 4 *Kent's Com.* 363; 1 *Preston on Estates* 132; 2 *Bla. Com.* 182, *Sharswood's note.*

The bill alleges that the husband and wife were seized as tenants in common by virtue of a conveyance made to them. Even, therefore, if it appears by the bill that the conveyance was made during coverture, that fact is not absolutely inconsistent with the creation of a tenancy in common. As there is a direct averment that the conveyance created a tenancy in common, it must be assumed that apt words were used in the deed for that purpose. This objection cannot prevail upon demurrer. If in truth the conveyance was made to the husband and wife during coverture, and apt words for the creation of a tenancy in common were not used, the fact should be shown by way of plea.

Upon the first ground, the demurrer is allowed.