Buttlar v. Rosenblath.

CHRISTIAN BUTTLAR et al., appellants,

*v*

ELIZABETH ROSENBLATH et al., respondents.

1. A conveyance of lands, since the passage of the married woman's act of 1852, to husband and wife, does not create a tenancy in common.

2. That act endows the wife with the capacity, during the joint lives, to hold in her possession, as a single female, one-half the estate in common with her husband; the right of survivorship still exists as at common law.

Buttlar *v.* Rosenblath.

3. To constitute a tenancy in common between husband and wife there must be in the conveyance an expression of an intention to do so.

On appeal from a decree advised by Vice-Chancellor Van Fleet. An abstract of his opinion appears in *7 N. J. L. J. 143.*

*Mr. Abel I. Smith* and *Mr. Fred. W. Stevens,* for appellants.

*Messrs. Hoffman & Herbert,* for respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

The bill in this case was filed by Elizabeth Rosenblath, a judgment creditor of Christian Buttlar, to set aside certain conveyances of real estate, alleged to be fraudulent as against her.

The lands in question were conveyed, October 12th, 1881, by one Catharine Quidort, to said Christian Buttlar and Minna, his wife. The decree of the court of chancery declares the conveyance by the judgment debtor void as against the judgment of the complainant, and also adjudges that, by virtue of the conveyance aforesaid to said Christian and Minna, the said Christian Buttlar was seized, as against said complainant, as tenant in common with his said wife of the lands so conveyed. I concur in the view taken by the court below that the conveyances set aside were fraudulent as to said judgment creditor. The only question, therefore, to be discussed is as to the effect of the married woman's act upon an estate granted or conveyed to husband and wife.

In a recent case in England, the construction of the married woman's property act of 1882 was directly involved. *Mander v. Harris, L. R. (24 Ch. Div.) 222.* The act provides that "a married woman shall, in accordance with the provisions of said act, be capable of acquiring, holding and disposing, by will or otherwise, of any real or personal property as her separate property, in the same manner as if she were a *feme sole,* without the intervention of any trustee.

Buttlar *v.* Rosenblath.

Mr. Justice Chitty delivered the opinion of the court, that the old rule of law that husband and wife were, for most purposes, one person, so that under a gift by will to a husband and wife and a third person, the husband and wife took only one moiety between them, the third person taking the other moiety, is no longer applicable to such a gift under a will that has come into operation since the passage of the act of 1882.

This case was reversed on appeal, on the ground that the will was executed before the passage of the act of 1882, and the court declined to express any opinion as to the effect of such words in a will made after the said act came into operation. *Mander* v. *Harris, L. R. (27 Ch. Div.) 166.*

In New York, the acts respecting married women do not differ substantially from our own, so far as the question now considered is concerned.

This question was elaborately and ably discussed in a recent case in the New York court of appeals.

The conclusion there reached is that the common law doctrine has not been abrogated by the statutory provisions, and that under a conveyance to a husband and wife jointly, they take, not as tenants in common, or as joint tenants, but as tenants by the entirety, and, upon the death of either, the survivor takes the whole estate. *Bertles* v. *Nunan, 92 N. Y. 152.*

Our legislation which preserves to married women their separate rights of property has no effect upon the capacity of the wife to take property ; she has no greater right to receive conveyances than she had at common law, but legislation has secured to her, what she did not have at common law, the use, benefit and control of her own real estate.

The statute does not purport to deprive or limit the estate husband and wife shall take in lands conveyed to them jointly.

It does not change or modify in any wise the signification or effect of terms used in common law conveyances. It simply enables the wife to have and enjoy whatever estate she gets by any conveyance made to her, or to her and others jointly, and does not enlarge or diminish that estate. It operates upon the enjoyment, and not upon the character, *quantum* or extent of it.

It is argued that the reason upon which the common law rule rests has ceased to exist, and hence that the rule should no longer be adhered to.    This contention is not well founded.

This legislation has not destroyed the unity of husband and wife recognized in the common law, and made them substantially separate persons in respect to property rights.

In this state the wife cannot convey her lands, unless the husband joins in the execution of the deed.    The husband cannot convey directly to the wife, nor the wife to the husband.

The common law incidents of the marriage relation are not all swept away.    The rule is everywhere recognized that they are extinguished only where the intention to remove them clearly appears.    The ability of the wife to make contracts is limited, and she can bind herself only where she is expressly authorized by statute to do so.    Nor is her estate so absolutely freed from the effect of the marriage relation as to deprive the husband wholly of his common law right of tenancy by the curtesy.

Although the cases are conflicting, there is abundant authority to support the view of the New York courts that the husband and wife are seized of the entirety, *per tout et non per my*, and, upon the death of either, the whole survives to the other.    *Diver* v. *Diver, 56 Pa. St. 106 ; Fisher* v. *Provin, 25 Mich. 347 ; Bates* v. *Seely, 46 Pa. St. 248 ; Marburg* v. *Cole, 49 Md. 402 ; McDuff* v. *Beauchamp, 50 Miss. 531 ; Chandler* v. *Cheney, 37 Ind. 391.*

Our own cases are in line with these decisions.

In *Thomas* v. *De Baum, 1 McCart. 37,* Chancellor Green decided that the act of our legislature converting estates in joint tenancy into tenancies in common does not extend to estates held by husband and wife in entireties ; and in the subsequent case of *McDermott* v. *French, 2 McCart. 78,* he adhered to the previously expressed view that by a conveyance to husband and wife they became seized, as at common law, of the entirety.

In *Washburn* v. *Burns, 5 Vr. 18,* there does not appear to have been any question as to the rule that the husband and wife were seized of the entirety.    The point made was that as the

wife was seized of an indivisible entirety, there was nothing left upon which the grant of the husband could act.

The chief-justice, in delivering the opinion of the court, said, upon the authority of *Den* v. *Gardner*, *Spen. 556*, that the husband was entitled to the use and possession of the entire property during the joint lives of himself and wife. He is careful, however, to state in his opinion " that the extent of the interest which the male defendant had in these lands was not at all involved in that case." The effect of the married woman's act upon the extent of the husband's interest was not considered in either of these New Jersey cases. The inference to be drawn from this fact is that the learned judges who decided these cases entertained a clear conviction that the common law estate was not converted into a tenancy in common.

The cases of *See* v. *Zabriskie, 1 Stew. Eq. 422*, and *Kip* v. *Kip, 6 Stew. Eq. 213*, relied upon to support the contrary doctrine, do not go so far.

In the first of these cases there was a gift of income to husband and wife. The ordinary held that under a gift of income to a man and his wife each is entitled to one-half the income.

In the other case there was a conveyance of lands to husband and wife. The effect given to the married woman's act of 1852 was that it abolished the common law rule, so far as that rule excluded a wife, during coverture, from the enjoyment of property thus held.

In my judgment, the legislation in this state has not destroyed the common law effect of a conveyance to husband and wife, and converted it into a tenancy in common. To constitute a tenancy in common between husband and wife, there must in the conveyance be an expression of an intention to do so.

The only question is, What is the relation of the wife to the land, in such a case, during the life of the husband ?

That question was not considered in the leading New York case, which has been cited. At common law, the husband, during the joint lives, could, for his own benefit, take all the profits of the lands, and could mortgage and convey an estate to continue during the joint lives, but could not prejudice the right of the

wife to take the estate in case she survived him. This has, since 1846, been the accepted rule in this state. *Den* v. *Gardner, Spen. 556 ; Washburn* v. *Burns, 5 Vr. 18.*

In virtue of the married relation, the husband took possession and deprived the wife of the enjoyment of her estate or interest in the lands during their joint lives. In my opinion, the object and effect of the married woman's act is to extinguish this right, which the husband had at common law, to appropriate to his own use, during the life of the wife, her estate in lands and real estate thus held, and to enable her to possess and enjoy it as fully as if she were a single woman.

There is nothing in this legislation which is intended to affect or which does affect the estate, which the husband takes in his own right, or which can operate to withhold that estate from the husband's creditors.

The entire estate, during the joint lives of the husband and wife, having before the statute been subject to execution for the husband's debt, it was the purpose of the statute to save the wife's right from the operation of that rule. There is nothing in the law to justify the inference that the husband's right is to be shielded from the pursuit of creditors. Any device of this character for the protection of the husband's property from his creditors is unknown to the common law, and so contrary to public policy that it ought not to be engrafted upon our system of laws by the interpretation of this statute, unless the intent to do so is clearly expressed. Such a claim cannot be rested upon the ground that the wife is seized, under the common law rule, of an indivisible entirety, and that she is entitled to the possession of the whole with her husband. As has been shown, she was not, at common law, as against the husband's grantee or creditor, entitled during the joint lives to the possession of the estate or any part of it. Her right of survivorship only was secure against the husband's appropriation. It seems impossible to maintain the wife's right to the possession of the whole upon the idea that she has an indivisible entirety, without adhering strictly to the doctrine of unity between husband and wife as recognized in the common law. If that doctrine is in no respect

modified by the statute, then the common law rule that the husband may dispose of the estate during the joint lives must still prevail, and the wife will derive no benefit through this legislation, where the estate is by entirety.

There is nothing in the married woman's act which indicates an intention to exclude this estate wholly from its operation. I think, therefore, that the just construction of this legislation, and the one in harmony with its spirit and general purpose, is that the wife is endowed with the capacity, during the joint lives, to hold in her possession, as a single female, one-half the estate, in common with her husband, and that the right of survivorship still exists as at common law.

The decree below should be reversed, with costs, for the purpose of modifying it in accordance with the views herein expressed.

For affirmance—McGREGOR—1.

For reversal—THE CHIEF-JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, SCUDDER, VAN SYCKEL, BROWN, COLE, PATERSON, WHITAKER—12.