FREDERIC R. COUDERT et al.

*v.*

EBENEZER C. EARL.

The use of the words "joint tenants" in the appropriate places, in a deed of conveyance, is sufficient to create an estate in joint tenancy under the statute of this State, without the use of the words "and not an estate of tenancy in common," or their equivalent.

On demurrer to bill.

*Mr. R. L. Lawrence,* for the complainants.

*Mr. De Witt Van Buskirk,* for the defendant.

PITNEY, V. C.

The bill is for specific performance by vendor against vendee. It sets out a contract of sale, and also the complainants' title to the premises agreed to be conveyed. The demurrer is based upon a defect alleged to appear on the face of complainants' statement of the title.

The complainants, Frederic R. and Charles Coudert, derive their title by a sale and conveyance made by the sheriff of Hudson county to them and their brother, Louis L. Coudert, who has since deceased. The complainants claim that, by their conveyance, the title became vested in them as joint tenants, and that, on the death of Louis, it devolved upon them as survivors, and that no interest in the property descended to the heirs or devisees of Louis. The language used in the deed is as follows —the description of the parties is:

"Cornelius J. Cronin, sheriff" &c., "party of the first part, and Frederick R. Coudert, Charles Coudert and Louis L. Coudert, of" &c., "as *joint tenants* party of the second part;" in the granting part of the deed, "granted, bargained" &c., "unto the said party of the second part, *as joint tenants,* their

heirs and assigns;" and, in the *habendum* clause, "to have and to hold the same unto the said party of the second part in joint tenancy, their heirs and assigns, to them and their only proper use" &c.

The question is, whether these words create an estate in joint tenancy or one in tenancy in common.

The act of February 4th, 1812 (*Rev. p. 167 § 78*), provides:

"No estate after the passing of this act shall, in this State, be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate, that it is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common, any law, usage or decision heretofore made to the contrary notwithstanding."

The question is, whether, in order to create an estate in joint tenancy under that act, it is necessary to use the negative as well as the affirmative words in it, or, indeed, any particular form of language.

I do not think the question is open to the least debate or doubt. The statute, as I interpret it, does not undertake to prescribe any particular mode or language in which the parties shall express their intention. It says the intention to create the estate in question must be expressly *set forth* in the grant; that is, it must not be left to inference or implication. And here it is to be observed, that the two estates mentioned are entirely inconsistent with each other; they cannot exist and be held at the same time by the same parties in the same property. If an estate is held by several persons as joint tenants, it is not and cannot be held by them at the same time as tenants in common. It follows, that to say of an estate that it is held by several persons as joint tenants, is to say, in effect, that it is not held by them as tenants in common, precisely as when you say a thing is square or white you say, in effect, it is not round or black. And so when a gift to more than one person says that the estate shall be held by them as joint tenants, it is, in effect, *expressly*, and not by inference or implication merely, set forth that it is the intention of the parties that the estate shall be held in joint

Coudert *v.* Earl.

tenancy and not in tenancy in common. In such case the result is the effect of direct and express assertion, and not of inference or implication merely. The object of the statute was to prevent joint tenancies being created by mere inference from the context or by doubtful language, and it confined the parties to direct and explicit expression. In my judgment that result is attained when it is declared to be the intention of the parties that the estate shall be held by them as joint tenants. The use of the words "and not as tenants in common," adds nothing to the sense of the others, and is mere tautology and surplusage.

The argument that the statute requires the use of the negative expression in addition to the affirmative, seems to me to go too far. It must be rested on the ground that the legislature intended to prescribe a formula of expression, without the use of which no estate in joint tenancy should be created. If so, the formula must include the whole predicate of the proposition; that is to say, at least the following words: "It is the intention of the parties to create an estate in joint tenancy, and not an estate of tenancy in common." The use of the phrase, "as joint tenants and not as tenants in common," would not conform to this rigorous construction of the statute any more closely than the phrase "as joint tenants" simply. When it is remembered that the statute applies to wills as well as to deeds of conveyance, the absurdity of the proposition is apparent.

I am aware that the best conveyancers in this State have usually made use of both the affirmative and negative expressions in creating this estate, but I am well advised that this practice has not been universal, and that many titles depend upon the sufficiency of the expression used in this case; and I believe that, when the additional words have been added, it has been done out of abundant caution, and not from any belief prevailing in the profession that they were at all necessary or indispensable.

I will advise a decree for complainants.