Fulper *v.* Fulper.

WILLIAM FULPER, appellant,

*v.*

JAMES B. FULPER et al., respondents.

Where lands are granted to a husband and wife, and it appears from the words of the grant that the intent was to create a tenancy in common, they will take and hold the lands granted as tenants in common and not as tenants of the entirety.

On appeal from a decree advised by Advisory Master Dickinson.

*Mr. George H. Large,* for the appellant.

*Mr. Henry A. Fluck,* for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

The complainant in this case filed his bill for the partition of certain lands in the county of Hunterdon, which were conveyed on May 9th, 1834, to his parents, Asher and Jane Fulper, "as tenants in common." Both grantees are now dead, Asher Fulper having survived his wife, who died intestate. The husband, however, left a will, by which he devised the whole of his real estate to five of his children, disinheriting the remaining one, the complainant, who, the will declared, "shall take nothing under this will."

The complainant bases his right to a partition of the lands in question upon the fact that he is one of the heirs-at-law of his mother, and, as such, the owner of an undivided interest therein. His ownership is challenged by his brothers and sisters, the ground of their contention being that, notwithstanding the fact that the lands were conveyed to their parents as tenants in common, they, by force of law, held them as tenants of the entirety,

and that, therefore, upon the death of their mother, the whole estate became vested in their father, by right of survivorship, as tenant in fee-simple.

The learned advisory master who heard the case adopted the view advanced by the defendants, and held that the complainant had no interest in the lands which he sought to have partitioned, following the decision of the supreme court of Pennsylvania in *Stuckey* v. *Keefe's Executors, 2 Casey 397*, which holds that, in consequence of the theoretic unity and entirety of the ownership of the husband and wife with respect to their interest in lands, *they cannot hold by moieties*, and that where land is conveyed to them in common, they take an entirety of estate without regard to the intent appearing in the conveyance. The decision in *Stuckey* v. *Keefe's Executors* rests upon the ground that there are certain incidents to a tenancy in common which cannot exist in an estate held by husband and wife. Those incidents are said to be—that tenants in common may sell their respective shares, that they are compellable to make partition, that they are liable to reciprocal actions of waste and account, that if one turns the other out of possession an action of ejectment will lie ; and it is said that, where lands are held by a husband and wife jointly, he cannot sell his moiety free from her dower, nor can she sell hers at all without his consent, and that no action of partition, or account, or waste, or ejectment can be maintained by one against the other.

The fact that a husband cannot sell his moiety of lands held jointly with his wife, free from her dower, and that she cannot sell hers at all without his consent, does not seem to afford a substantial reason for concluding that they cannot, therefore, hold lands as tenants in common. The same fact is equally true of lands held by either the husband or wife in severalty, and yet it has never been suggested that this fact would operate to prevent lands from being so held by a married person.

Nor does it seem to me that the fact of the inability of the husband or wife to maintain an action of partition or of waste, or of ejectment, or of account, against the other (admitting that such inability exists), justifies the conclusion that they cannot

hold as tenants in common. The reason why, at common law, an action could not be maintained by the wife against the husband for an accounting of the rents and profits of an estate held by him and her, or for the joint possession thereof, was not because of anything characteristic of the estate so held, but because the husband, by the *jus mariti,* was entitled to the exclusive possession of his wife's land during her life, and to the rents and profits thereof, whether held by her jointly with him or in severalty. *Hiles* v. *Fisher, 144 N. Y. 306.* So far as the husband is concerned, while it is true that he could not maintain an action at law against his wife for an accounting of the rents and profits of their joint estate, or for the joint possession thereof, or for waste committed, I see no reason why he could not have proceeded against her by a bill in equity, which has always been resorted to for the enforcement of rights and the redress of wrongs as between husband and wife. So, too, it seems to me, that a court of equity would, at the instance of the wife, restrain waste of the joint estate by the husband, whether they held as tenants of the entirety or as tenants in common. Nor can I concede that an action of partition of the joint estate cannot be maintained by the husband against the wife, or *vice versa,* unless, of course, there is a survivorship. Equity will decree a partition between husband and wife, if they hold as tenants in common, to the same extent which it would if they were strangers. It is reasoning in a circle to say that a partition of land cannot be made between husband and wife because their estate is by entireties, and that the proof that their estate is by entireties is the fact that there can be no partition between them.

It is a mistake to suppose that there is anything in the theoretic unity of husband and wife which prevents them from being able to hold moieties of the same estate. It has always been held that if a man and woman become possessed of an estate as joint tenants, or as tenants in common, and afterward marry, they still retain their moieties after marriage, and continue to hold as joint tenants or tenants in common. *Co. Litt. 187 b ; 1 Pres. Est. 434; 3 Washb. Real Prop. 425,* and cases cited. There being nothing in the marriage relation which prevents

those who were tenants in common before marriage from remaining such after marriage, it would seem to follow necessarily that there is nothing in that relationship which would prevent a husband and wife from taking such an estate after marriage, provided it clearly appeared, from the deed or devise under which they took, that such was the intention.

This was the view taken by Chancellor Green in *McDermott* v. *French, 2 McCart. 78.* In that case a bill was filed for a partition of land, brought by a grantee of a husband against the wife. The bill alleged that the husband and wife were seized in fee of the land, as tenants in common, by virtue of a conveyance made to them, and that the husband had conveyed to the complainant all his interest therein. There was a demurrer filed to the bill on behalf of the wife, upon the ground, among others, that by the conveyance to them she and her husband took an estate by entireties. Discussing this point the chancellor says: "The bill alleges that the husband and wife were seized as tenants in common by virtue of a conveyance made to them. Even, therefore, if it appears by the bill that the conveyance was made during coverture, that fact is not absolutely inconsistent with the creation of a tenancy in common. As there is a direct averment that the conveyance created a tenancy in common, it must be assumed that apt words were used in the deed for that purpose."

In the case of *Buttlar* v. *Rosenblath, 15 Stew. Eq. 651,* which involved the effect of our Married Women's act upon estates by entireties, Mr. Justice Van Syckel states that a tenancy in common between husband and wife may be created by deed, provided there be in the conveyance an expression of an intention to do so.

The same view has been taken by the courts of other states, as well as by the United States supreme court. In the case of *Miner* v. *Brown, 133 N. Y. 308,* it is said that whether a husband and wife take as tenants in common or as tenants of the entirety, is to be gathered from the instrument which passes the estate to them, and that where it appears from the instrument that it was the intention that they should take as tenants in common, that intention must prevail, and it is said that such has been the rule from an early period in the history of the English law.

In *Knapp* v. *Windsor, 6 Cush. 157,* and *Brown* v. *City of Baraboo, 90 Wis. 151,* it is held that where lands descend to a husband and wife as heirs-at-law, they take and hold as tenants in common and not as tenants by entireties.

In the case of *Hunt* v. *Blackburn, 128 U. S. 464,* it is declared that, at common law, when lands are granted to husband and wife as tenants in common, they will hold by moieties as other distinct and individual persons would do.

It seems clear, both on principle and authority, that the rule laid down in *McDermott* v. *French,* that a husband and wife may be made tenants in common by express words contained in the grant, is the correct one; but even if it were otherwise, we ought to adhere to the rule as stated in the opinion in that case. Since its promulgation in 1862 it has been accepted by the bar of this state as a correct enunciation of the law on this subject, and has become a rule of property upon which many titles undoubtedly are founded. It should not now be altered unless by legislative enactment.

The decree of the court of chancery should be reversed.

*For reversal*—The Chief-Justice, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Magie, Van Syckel, Barkalow, Bogert, Hendrickson, Nixon—13.

*For affirmance*—None.