# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### MARCH TERM, 1922.

---

MARY L. O'CONNELL

*v.*

CORNELIUS P. O'CONNELL.

[Decided June 19th, 1922.]

1. Where a husband and wife own property as tenants by the en- tirety the wife is entitled to an accounting of the rents and profits collected by the husband from the common property, but the husband is not required to account for the rental value of the portion of the premises which he occupies as their home when the wife has deserted him without just cause, and has refused to return at the solicitation of the husband.

2. Grounds of appeal that are not argued before the appellate court will be considered to have been abandoned.

---

On appeal from a decree of the court of chancery.

603

*Mr. Ralph E. Lum,* for the appellant.

*Mr. Arthur T. Vanderbilt,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The parties to this suit are husband and wife. The bill in the case was filed by the latter, and has a double aspect. By it she seeks a decree compelling her husband to provide her with suitable support and maintenance under the statute, her claim in that regard being that he, without any justifiable cause, abandoned her and separated himself from her. She further prays a decree directing her husband to account for the rents, issues and profits of certain premises in Morristown, the title to which stands in their joint names; and for the appointment of a receiver for the collection of rents which might thereafter accrue from the premises, and the payment of interest, taxes and other carrying charges thereon.

Upon the final hearing in the court of chancery the conclusion reached was that the proofs failed to support the wife's contention that her husband had abandoned her or separated himself from her, but showed that she had voluntarily left his home and had neither returned nor offered to return to it. Her application for a decree ordering support and maintenance was consequently denied and the bill dismissed so far as that phase of the relief sought by her is concerned.

As to the second ground of relief, the main issue raised by the pleadings was whether the husband and wife were tenants by the entirety of the premises in dispute or whether the title of the wife was vested in her merely as security for an advancement by her of a part of the purchase-money, which, as the husband claimed, was to be repaid by him to her from time to time under an agreement that when the last payment should be made her interest in the land should cease. After a consideration of the proofs upon this issue, the court determined that the husband had failed to overcome the legal presumption which the deed itself

had created, namely, that the grantees therein were tenants by the entirety. Having reached this conclusion, the court then decreed that the husband should account to the wife for the rents already received by him from certain portions of the property which were occupied by the tenants, and for the rental value of that portion thereof which was occupied by himself; and, further, that a receiver be appointed to collect rents thereafter accruing, and out of the same to pay interest, taxes and repairs.

Neither party appeals from the portion of the decree dismissing the bill so far as it relates to the question of maintenance and support. The husband, however, appeals from the portion thereof which adjudges that the parties are tenants by the entirety and compels him to account for rents received by him and to pay the rental value of that portion of the premises in which he has his residence.

So far as the question of title is concerned, our examination of the proofs satisfies us of the correctness of the vice-chancellor's conclusion that these parties held these premises as tenants by the entirety. Reaching this conclusion, we also concur in his view that the wife is entitled to an accounting from her husband of the rents actually collected by him and to share in such rents as may accrue in the future. In the case of *Buttlar* v. *Rosenblath, 42 N. J. Eq. 651,* this court declared that, where the title to land rests in a husband and wife as tenants by the entirety, the wife holds in her possession during their joint lives one-half of the estate in common with her husband; and in the later case of *Schulz* v. *Ziegler, 80 N. J. Eq. 199,* we held that the respective rights of the parties as between themselves during their joint lives were those of tenants in common; and one of the rights of a tenant in common as against his co-tenant, who has collected rents from lessees in possession of the premises, is to have an accounting of the rents so collected. This right is so thoroughly established that a citation of authorities is hardly necessary. Among the cases in which it has been recognized and enforced are *Hanneman* v. *Richter, 63 N. J. Eq. 753; Cole* v. *Cole, 69 N. J. Eq. 3; Lloyd* v. *Turner, 70 N. J. Eq. 425.*

The principle upon which the rule rests is that a tenant in

common, in leasing the common property and in collecting the rents from the lessee, acts not only in his own right but as the representative of his co-tenants, and that, consequently, to the extent that the moneys so collected represent the rental value of the interest of his co-tenants, it is held in trust by him for their use.

But the rule above recited has no application in determining the question whether a tenant in common who is himself in the possession and enjoyment of the premises held in common is obliged to account to his co-tenants for the rental value of the property so occupied.   In order to render one co-tenant liable to another for the use and occupation of the jointly-owned premises, there must be something more than a mere occupation thereof by the former and a forbearance to occupy by the latter. *Sailer* v. *Sailer, 41 N. J. Eq. 398.*   To hold him responsible to his co-tenant for the value of the use and occupation, it must not only appear that the latter is out of possession, but that he is actually excluded from the enjoyment of his right of possession by his fellow-tenant. *Buckelew* v. *Snedeker, 27 N. J. Eq. 82.*

In the present case the proofs show that these parties occupied the third floor of the common property as their residence; that the wife deserted her home without just cause, and that she refused to return to it at the solicitation of her husband.   Since her desertion of him he has continued his occupation of their home, and the proofs justify the conclusion that she is at liberty to return thereto and to resume the occupation thereof with her husband whenever she shall see fit to do so.   On this state of facts it is apparent that there is no just ground for her assertion that her husband is in exclusive possession of the third floor of these premises—that is, that he actually excludes her from the joint occupation thereof.   She is not entitled, therefore, to call upon him as a co-tenant to account to her for the value of his user and occupation of the home, which belongs to them jointly.   The decree, consequently, should be modified, to the extent that it requires the appellant to account to his wife for the rental value of that portion of the premises actually occupied by him.

The question of the propriety of appointing a receiver of these premises is presented by the grounds of appeal. It has not, however, been argued before us, and we assume, therefore, that it has been abandoned by the appellant. We are not to be understood, however, in affirming this portion of the decree, as foreclosing the appellant from a right to apply to the court of chancery for the discharge of the receiver, if he shall deem it advisable to do so.

With the modification indicated the decree under review will be affirmed.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.