Lands at Mountain Lakes were conveyed to John B. Taylor and Edith M. Taylor (husband and wife) "as joint tenants and not as tenants in common." They subsequently entered into a written contract to convey to the defendant herein, in fee, free from all encumbrances except a mortgage, and before the time arrived for delivering a deed, John B. Taylor died, leaving his wife, the complainant herein, surviving. This suit is brought to compel defendant to accept a deed from complainant pursuant to the contract. The sole dispute between the parties is as to the character of the estate held by complainant and her husband, complainant insisting that they held as tenants by the entirety and defendant contending that the estate was a joint tenancy, it being conceded by the parties that if the tenancy was by the entirety, the lands were not subject to a transfer inheritance tax on the husband's death, while if the estate was a joint tenancy such tax should be assessed and paid before complainant can convey title free from encumbrances.
Our statute (Comp. Stat. p. 1538 § 15) which converted estates theretofore held to be joint tenancies, into tenancies in common, does not affect the common law estate of tenancy by the entirety. Thomas v. DeBaum, 14 N.J. Eq. 37; McDermott v.French, 15 N.J. Eq. 78. For the complainant it is urged that words in a deed which under the common law would create a joint tenancy between other persons as grantees, will in a deed to husband and wife create a tenancy by the entirety, and Den v.Hardenbergh, 10 N.J. Law 42, and Den v. Gardner,20 N.J. Law 556 (decided after the passage of the statute), are cited in support of such contention. Those cases hold "that the same words of conveyance which make two other persons joint tenants will make husband and wife tenants of the entirety," but I think this expression of opinion must not be accepted literally. By the common law, a deed to two or more indiivduals in which no words were used to define the estate conveyed, vested in the grantees an estate in joint tenancy, just as distinctly as a deed expressly declaring the intention of the grantor to *Page 304 
create such an estate would do it (Boston, c., Co. v. Condit,19 N.J. Eq. 394; Den v. Van Riper, 16 N.J. Law 7; Sentliffer
v. Jacobs, 84 N.J. Law 128), and it was to relieve against the hardship, surprise and unanticipated consequences of the doctrine of survivorship that the statute was enacted. Den v.Hardenbergh, supra. With the common law rule in mind, I believe that the opinion the learned justice intended to express in Den
v. Hardenbergh and Den v. Gardner is, merely that a similar form of deed to husband and wife would, at the common law, vest in the grantees an estate in the entirety and not an estate in joint tenancy. The reasoning applied in Den v. Hardenbergh
and Den v. Gardner is applicable with equal force to a coveyance to husband and wife as tenants in common, yet it has been held that a husband and wife may, by express words, be made tenants in common by a deed to them during coverture (McDermott
v. French, supra; Fulper v. Fulper, 54 N.J. Eq. 431), and it has been intimated, if not so held, that a joint tenancy, or a tenancy in common, can be created by express words for that purpose in a deed to husband and wife (Buttlar v. Rosenblath,42 N.J. Eq. 651; Washburn v. Burns, 34 N.J. Law 18); and Vice-Chancellor Stevens, dealing with the question of joint tenancy in a chose in action held by husband and wife, expressed the opinion that a tenancy by the entirety will not arise by a conveyance of land to husband and wife where the conveyance contains words showing that the grantor intended them to take either as joint tenants or as tenants in common. Aubry v.Schneider, 69 N.J. Eq. 629. I conclude, therefore, that a deed to husband and wife which discloses an intention to convey an estate in joint tenancy must be held to convey such an estate and not an estate in the entirety.
In Coudert v. Earl, 45 N.J. Eq. 654, the words "as joint tenants" appeared after the names of the grantees in the description of the parties and in the granting clause andhabendum, and the opinion of the court was that such words appearing in appropriate places in a deed are sufficient without the use of additional words "and not as tenants in common," or their equivalent, so that the question appears to *Page 305 
be: What is or are the appropriate place or places in a deed? No special form of words is required to make an instrument operative as a deed; any words clearly expressing an intention to convey a fee, with a consideration, will be sufficient to accomplish that purpose, and I know of no authority which holds it to be essential that the tenancy by which grantees shall be seized, as between themselves, must appear in the granting clause or in thehabendum, or in both. In the deed now under consideration, the granting clause and the habendum run to the party of the second part, their heirs and assigns forever, with no additional words to define the tenancy by which the grantees should hold, but the words "as joint tenants and not as tenants in common" follow immediately the grantees' names in the description of the parties. In construing a deed the intention of the parties will prevail whenever such intention is unmistakably manifest, having regard to all parts of the instrument, unless the law requires the use of technical terms to effectuate such intention, or unless such intent is contrary to legal rules. Northeastern,c., Co. v. Hepburn, 73 N.J. Eq. 657; Sisson v. Donnelly,36 N.J. Law 432. We are not now concerned in ascertaining the meaning of technical terms, and since an estate in joint tenancy in husband and wife may be created by proper words, the intention of the parties to this deed should be gathered from the whole instrument and in examining it, a clause which is unambiguous and has a clear meaning, no matter where placed, should not be disregarded entirely, but should be given proper grammatical or legal significance. The clause "as joint tenants and not as tenants in common," cannot be ignored solely because it does not appear in the granting part or in the habendum of the deed but its words, being plain and definite and having a legal meaning which the parties who used them must be presumed to have known, I must conclude that they were used in their legally accepted sense to show that the grantor intended to convey to the grantees a joint tenancy and not a tenancy by the entirety. *Page 306