The litigants are husband and wife. They are living in a state of separation. The bill is by the husband for a partition of the matrimonial domicile now occupied by the wife and her children by a former marriage. The husband holds a one-third, the wife a two-thirds, interest. When they obtained a marriage license in 1927, both were well past middle life. The defendant was a widow with four grown children, and, without the benefit of clergy, complainant joined them as head of the household. The two built a store and dwelling on two lots, previously purchased by the defendant, to be used for business and a home, and each contributed toward the cost. The complainant and the defendant's son conducted a grocery in the store and the family occupied the dwelling. Trouble arose when the complainant insisted upon recognition of his interest in the property and, being refused, left, revealing that their relation had not been matrimonial. They came to an understanding, were ceremonially married, and three months later title to the lots passed to them, two-thirds to the wife and one-third to the husband. There was further discord, and in January, 1933, the complainant quit.
The defendant answers that the complainant paid no consideration for the conveyances, that his title was obtained by fraud, that the building was erected as a "marital home" and having deserted, he is not entitled to partition. She also counter-claims that he agreed, but failed to furnish all the money for the cost of the building, and she prays an account and a decree for the amount of his default.
The factual questions were disposed of at the conclusion of the hearing and the defenses and counter-claim were dismissed upon a showing that the complainant had spent upwards of $4,000 on the building and in furnishing the store, and that the interests were settled and fixed understandingly and justly to the wife at least, with the aid and advice of her counsel. The settlement, like the marriage engagement, was mercenary and confidence was at an end, for she compelled him to join her in conveyances of her other properties to her son. *Page 294 
The contention that the husband and wife hold by the entirety because the grant is not to them as tenants in common, and consequently there can be no partition, is not supported by the conveyance. They are styled as "tenants in common" in the premise of the deed. The grant is to them and to their heirs and assigns, and coupled with it, separated only by the description of the land, is the modification that "the parties of the second part hereto take by this conveyance the following interest in the lands herein described, viz.: Alex Pentek an equal undivided one-third part thereof and Julia Pentek an equal undivided two-thirds part thereof." The habendum is to them and "their heirs and assigns to their own proper use, benefit and behoof as hereinafter appears, Alex Pentek an equal undivided one-third interest and Julia Pentek an equal undivided two-thirds interest." Correctly read, the grant is of the several interests, but were it not, resort may be had to the habendum and other parts of the deed for the intention and its true construction.Taylor v. Lowencamp, 104 N.J. Eq. 302.
A conveyance to husband and wife, without more, creates an estate by the entirety, but they hold as tenants in common when it is so declared in the conveyance. Coudert v. Earl, 45 N.J. Eq. 654; Fulper v. Fulper, 54 N.J. Eq. 431. A conveyance to them of several, and disproportionate interests is incompatible with an estate by the entirety.
"Equity will decree a partition between husband and wife, if they hold as tenants in common, to the same extent which it would if they were strangers." Fulper v. Fulper, supra.
The remaining question is whether the complainant is to be denied partition and sale because the property was the matrimonial domicile and is now the abode of the wife whom the husband deserts. Partition between tenants in common is an absolute right and if the title is clear, courts have no discretion to refuse relief. While the civil and common law reason for the rule, to prevent strife and disagreement no one should be compelled to hold property in common with another (20 R.C.L. 716), is inapt, the utility of the rule would seem not inappropriate in partition between warring husband *Page 295 
and wife. However that may be, where husband and wife take in severalty, they may enjoy in severalty. Their unity is not a barrier to partition of the matrimonial domicile. The husband may convey his interest and his grantee may partition. Schulz v.Ziegler, 80 N.J. Eq. 199. And living in a state of separation, the wife has the same privilege. With these facilities at hand, there is no valid reason why partition should be withheld from either. If, as claimed, it was agreed that the house should be jointly built for a common home and, in consequence, it was implied that partition should be postponed during the joint lives, the agreement was discarded and the implication fell when the division was made and the wife took the lion's share, the husband a third.
Partition is not to be denied because the complainant abandons and refuses to support his wife. He is not in duty bound to live with her; and failure to discharge his pecuniary obligation cannot counter-vail his right in the property. If the wife has cause for action her remedy lies in a bill for maintenance, and of this she has not availed herself, except by an impossible prayer in her counter-claim that a receiver be appointed to manage the business carried on in the building and out of the profits pay her maintenance. A decree upon an independent bill for maintenance might be imposed upon the husband's interest in the property or the proceeds in lieu of security.
The complainant's desertion is not a ground for refusing equitable relief under the clean hands doctrine. In Neubeck v.Neubeck, 94 N.J. Eq. 167, the wife left the husband to live in adultery. Property was held by the entirety. This court refused her a share of the rents because of her conduct, but the court of errors and appeals (Mr. Justice Trenchard) held: "It [the maxim] does not repel all sinners from courts of equity, nor does it apply to every unconscientious act or inequitable conduct on the part of the complainants. The inequity which deprives a suitor of a right to justice in a court of equity is not general iniquitous conduct unconnected with the act of the defendant which the complaining party states as his ground or cause of action; but it must be evil *Page 296 
practice or wrong conduct in the particular matter or transaction in respect to which judicial protection or redress is sought."
The property is not partible; it will be ordered sold.