This bill of complaint by the wife against her husband is one for an accounting for rents, issues and profits collected by the husband from real estate purchased July 26th, 1933, and owned by them as tenants by entirety. The matter was referred to a special master to take testimony and submit his report with respect thereto. On the coming in of the master's report sixteen exceptions were filed, fourteen of which are directed to findings of fact by the master, and these exceptions are dismissed. As usual in such matters, there appeared *Page 478 
some conflict of testimony, but the master had first-hand opportunity to value and weigh the testimony and the master's findings of fact are not to be disturbed unless he erred in matter of law or, plainly, as to the facts. Wilson v. Sandall,92 N.J. Eq. 130; affirmed, Ibid. 463. His findings of fact are sustained by the evidence.
The remaining exceptions are the fourteenth and fifteenth. The fourteenth exception reads: "That the said special master erred in his findings and in his report in disregarding the fact that defendant was not the agent of complainant and that therefore any expenditures or undertakings by defendant in connection with alleged repairs and improvements were unauthorized and not chargeable as against complainant."
In passing it is noted that complainant and her husband were married in July, 1932, and separated in April, 1934. The complainant is thirty-seven years of age while defendant is fifty-seven years of age. Under an order of the Essex county court of domestic relations the defendant pays his wife $7 per week.
Where an estate is held by entirety, the seisin of husband and wife during their joint lives is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor. Buttlar v. Rosenblath, 42 N.J. Eq. 651; Schulz v.Ziegler, 80 N.J. Eq. 199. And one of the rights of a tenant in common as against his co-tenant, who has collected rents is to have an accounting of the rents collected. The rule rests upon the principle that a tenant in common, in renting the common property and collecting rents, acts not only in his own right but as the representative of his co-tenants. O'Connell v.O'Connell, 93 N.J. Eq. 603, 605. The fourteenth exception is dismissed.
The fifteenth exception reads: "That the said special master erred in failing to take into his consideration in his findings that any expenditures by defendant while he and complainant were living together were presumably gifts and therefore not chargeable against complainant." (Italics mine). Under this exception it is argued that the master erred in failing to hold that the expenditures made by the *Page 479 
defendant are presumed in law to be gifts to his wife and therefore not chargeable against her.
Ordinarily it is the rule that in the absence of proof indicating a contrary intention, expenditures made by a husband on property owned by his wife alone or owned by them together as tenants by the entirety are presumed to be gifts, and that the husband has no right to reimbursement therefor. O'Keefe v.O'Keefe, 96 N.J. Eq. 617; Mendelsohn v. Mendelsohn, 106 N.J. Eq. 537;Nobile v. Bartletta, 109 N.J. Eq. 119.
Although a tenant in common, who makes necessary repairs upon the common property without the consent of his co-tenant, may not be able to maintain an action at law against him to compel contribution, it is a well settled principle of equity jurisprudence that such contribution may be compelled in equity under certain circumstances. Pom. Eq. Jur. § 1240. "The doctrine of contribution, in such cases, rests on the principle, that where parties stand in equali jure, equality of burden becomes equity." 4 Kent's Com. 371; Woolston v. Pullen,88 N.J. Eq. 35.
In Buttlar v. Rosenblath, supra, the court of errors and appeals held that our New Jersey legislation in regard to married women has not abolished the estate in entirety, and does not "change or modify in anywise the significance or effect of terms used in common law conveyances." The estate in entirety still remains, but the married woman is no longer obliged to surrender to her husband the entire rents and profits of the lands. The husband has a right to one-half and the wife has a right to the other one-half. Bilder v. Robinson, 73 N.J. Eq. 169, 174. The weight of authority is to the effect that the statutes relating to the separate property of married women have changed the law as to the exclusive right of the husband to the possession, control, rents and profits. One view of the effect of such statutes is that the husband and wife during their joint lives have each an interest in the usufruct of the land and are entitled to the joint enjoyment, possession and control. Another view is that, while the common law right of the survivor to the whole *Page 480 
estate still exists, yet, during coverture, each spouse holds one-half of the estate in common with the other. Buttlar v.Rosenblath, supra; Grimminger v. Alderton, 85 N.J. Eq. 425,
and is entitled to one-half of the income, rents and profits.Servis v. Dorn, 76 N.J. Eq. 241; Bilder v. Robinson, supra;Aubry v. Schneider, 69 N.J. Eq. 629; affirmed, 70 N.J. Eq. 809.
Under the last view, the married women's separate property statutes so modified the rules pertaining to estates by entirety, that, whatever the estate during their joint lives may be called, it is essentially and in effect a tenancy in common between husband and wife, during their joint lives with remainder to the survivor, that is, husband and wife are tenants in common as to the right of possession and use of the property. Wortendyke v.Rayot, 88 N.J. Eq. 331; Shulz v. Ziegler, supra; Aubry v.Schneider, supra; Neubeck v. Neubeck, 94 N.J. Eq. 167.
In the instant case the disbursements made by the husband as shown by the accounting were made for taxes, insurance, waterrents and repairs to the property generally. The expenditures so made by the husband amount to $310.16 more than the rents collected by him.
The testimony before the master and the legal inferences to be drawn therefrom establishes an understanding between the complainant and defendant that such expenditures made by the husband were to be made out of the income of the property and the proofs contradict and overcome the legal presumption of gift to the wife.
The fifteenth exception is dismissed. *Page 481