8 N.J. Super. 362 (1950)
72 A.2d 907
FABIO CASINI, PLAINTIFF,
v.
LUCIA LUPONE, ALSO KNOWN AS LUCY CASINI, ET AL, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 21, 1950.
*364 Mr. Alfred D. Antonio, for the plaintiff.
Mr. I. Oscar Spevack, for the defendant Lucia Lupone.
JAYNE, J.S.C.
The facts stipulated by counsel at the pretrial conference constitute the premise for the consideration of the question of law.
Approximately twenty-five years ago the plaintiff and the defendant Lucia Lupone, the lawful wife of Luigi Lupone, originated their licentious relationship. They cohabited illicitly under the supposition of the neighborhood that they were man and wife until their discordant detachment in August, 1948. The intimacy of the association is inferred from the fact that during the period of their coefficiency she gave birth to ten children, five of whom are now living. The plaintiff proudly acknowledges the paternity of all.
It was during the days of concord and unanimity of interests when the friendship was strong that on April 2, 1945, a residential property was acquired in the City of Perth Amboy. Title thereto was conveyed by the deed to "Fabio Casini and to Lucy Casini, his wife." The deed operated as a conveyance notwithstanding the misnomer and misrepresentation of the relationship. Since they were not legally husband and wife, the tenancy created was that of tenants in common. Hubatka v. Meyerhofer, 79 N.J.L. 264 (Sup. Ct. 1910); reversed on other grounds, 81 N.J.L. 410 (E. & A. 1911); Burger v. Burger, 105 N.J. Eq. 403 (Ch. 1929); R.S. 46:3-17; Loper v. Loper, 170 A. 804 (Del. Sup. Ct. 1934).
I have read somewhere that affection in such cases is like a coal in that although it at first lights a bright flame, it *365 gradually and ultimately cools. The plaintiff has now evacuated his place in the home and seeks in this action as a tenant in common to obtain a partition of the parcel of real estate.
With some recognizable ingenuity, counsel for Lucia has in her answer to the plaintiff's complaint averred that the illegitimate and immoral pursuits of the plaintiff with this defendant have barricaded his prayer for such relief in a court of equity.
The maxim that "he who comes into equity must come with clean hands" is truly a fundamental principle of equity jurisprudence.
It must, however, be initially realized that courts of equity respect the maxim, not for purposes of punishment for the extraneous transgressions of the plaintiff, but upon considerations that conduce to the promotion of justice and equity in the particular case. In this respect the application of the maxim resides in the judgment of the court. The maxim is a canon of conscience and morality. It is invoked for reasons of public policy in its application to the circumstances of the case.
The immediate and proximate relation of the evil conduct of the plaintiff to the equitable and legal rights of the parties in respect to the subject matter of the litigation is an element of foremost consideration. It has been resolved by an abundance of adjudications that the inquity which deprives a suitor of the aid of a court of equity must be evil conduct in the particular matter or transaction in respect to which judicial protection or relief is sought. Only a few citations need be given. O'Connell v. O'Connell, 93 N.J. Eq. 603 (E. & A. 1922); Neubeck v. Neubeck, 94 N.J. Eq. 167 (E. & A. 1922); Jatman v. Jatman, 7 N.J. Misc. 1101 (Ch. 1929); Griffin v. Whittemore, 109 N.J. Eq. 204 (E. & A. 1931); Hunt v. Hunt, 10 N.J. Misc. 675 (Ch. 1932); Pentek v. Pentek, 117 N.J. Eq. 292 (Ch. 1934); Lukaszewicz v. Lukaszewicz, 137 N.J. Eq. 383 (Ch. 1945); Tami v. Pikowitz, 138 N.J. Eq. 410 (Ch. 1946); Hansen v. Local No. 373, 140 N.J. Eq. 586 (Ch. 1947).
*366 Where the parties to the action are found to be in pari delicto, relief has at times been awarded to the plaintiff for the reason that in the particular case public policy has been advantaged by that course. Pendleton v. Gondolf, 85 N.J. Eq. 308, 314 (Ch. 1915).
It is asserted to be the indubitable inference that the acquisition of the residential property by these parties was motivated by a mutual desire to provide a hostel in which they could continue to pursue their libertinism. Obviously there is no executory contract here sought to be enforced. The conveyance was consummated several years ago, and the present situation is that the parties have vested estates in the property.
The dissolute associations of the parties might, if generally known, have aroused the virtuous indignation of the neighborhood, but they do not evict the individual and vested property rights of the offenders from the recognition and protection of the law.
It has been held that where the husband and wife own property as tenants by the entirety, the wife, even though she has deserted her husband without justifiable cause and is living in adultery, is entitled to an accounting of the rents and profits collected by her husband from the common property. O'Connell v. O'Connell, supra; Neubeck v. Neubeck, supra.
In Pentek v. Pentek, supra, a husband who had deserted his wife and had repudiated his pecuniary obligation to support her was deemed entitled to prosecute an action to partition the matrimonial domicile.
It was held in Gaudreau v. Eclipse Pioneer, &c., Bendix Air Corp., 137 N.J.L. 666 (E. & A. 1948), that a widow who was cohabiting illicitly with a man to whom she was not married would not be prohibited from receiving benefits under the Workmen's Compensation Act for the death of her husband.
The post-marital unchastity of a former wife in whose favor a decree of divorce was granted does not bar her right to alimony. Suozzo v. Suozzo, 16 N.J. Misc. 475 (Ch. 1938).
*367 It was determined in the early case of Ely v. Supervisors, 36 N.Y. 297 (Ct. of A. 1867), that it was no defense to the liability of a county for the destruction of the plaintiff's house by a mob that the house was utilized as a bawdy-house and a resort for thieves and criminals.
An action for the diminution in value of a house by the construction of an elevated railway was not affected by the averment that the premises were maintained as a house of prostitution. Lawrence v. Metropolitan El. Ry. Co., 126 N.Y. 483 (Ct. of A. 1891).
The plaintiff is not endeavoring to enforce a claim founded upon the wrongful behavior. The estates in the property exist independent of the use of the premises. A judgment for partition neither sanctions nor encourages any unlawful use of the property. Neither law nor public policy favors the stagnation of titles to real estate.
The plaintiff is entitled to maintain his action for partition.