40 N.J. Super. 99 (1956)
122 A.2d 183
HARRY NORRIS MANGAN AND ELLA W.S. MANGAN, HIS WIFE, ERMA HILL AND ELMER HILL, HER HUSBAND, EDGAR D. NEWTON, JR. AND MARIAN H. NEWTON, HIS WIFE, NORRIS M. NEWTON AND NORMA J. NEWTON, HIS WIFE, PLAINTIFFS,
v.
ANNA MANGAN, EARL MANGAN, VERNA FETTERS AND HARRY FETTERS, HER HUSBAND, GRACE PETERSON, RALPH MANGAN, ARNETTA FITHIAN AND ALVIN FITHIAN, HER HUSBAND, CHARLES MANGAN AND LYDIA MANGAN, HIS WIFE, NAOMI LYNCH AND MASON LYNCH, HER HUSBAND, ROBERT BURTON, MONROE SPEIGH AND CATHERINE HENSON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 12, 1956.
*100 Mr. Oakford W. Action, Jr., for plaintiffs.
Mr. Melbourne H. Beebe, for defendants.
HANEMAN, J.S.C.
This is a partition suit. All of the issues involved have been resolved by the parties except the plaintiffs' demand for an accounting from the defendants of the rents, issues and profits from 1939 to 1951.
The facts in connection herewith are as follows: George B. Mangan died on April 18, 1910 leaving a last will and testament, which provided, as far as here pertinent, as follows:
"First  After all my lawful debts are paid, I give, bequeath and devise unto my wife, Georgeanna Mangan, all my property, real and personal, in whatever it may consist, to have, to hold, receive, use and enjoy the rents, issues and profits thereof, for and during the term of her natural life, to be by her accepted in lieu of dower; and from and immediately after her death, I give, bequeath and devise my said estate unto my two sons, Harry J. Mangan and Arnet O. Mangan, to have, hold, receive, use and enjoy the profits thereof, after deducting all expenses, such as repairs, taxes and insurance, to be divided equally between them, share and share alike, for and during the terms of their natural lives; and from and immediately after their death, I give, bequeath and devise the said estate, in *101 fee simple, to the lawful representatives of my said sons, Harry J. Mangan and Arnet O. Mangan, to be divided equally between them, share and share alike, the representatives of any deceased son to have the share of his, her or their parent."
Although the date of her death does not appear, it is stipulated that Georgeanna Mangan, the widow of the testator, died prior to 1939. On October 27 of that year one of testator's sons, i.e., Harry J. Mangan, referred to in the above section of the will, died. Upon the death of Harry J. Mangan, as above noted, there was an accounting between his representatives and the surviving brother, Arnet O. Mangan. The latter continued to collect the rents, issues and profits until his death on December 13, 1951. He never rendered any accounting of such rents, issues and profits so collected by him to the date of his death. Ralph Mangan, a son of Arnet O. Mangan, has been collecting the rents, issues and profits since his father's death, and has rendered an accounting thereof.
The plaintiffs are admittedly the "lawful representatives" of Harry J. Mangan, and their spouses, and the defendants are admittedly the "lawful representatives" of Arnet O. Mangan, and their spouses.
The plaintiffs seek to obtain an accounting from the defendants of the rents, issues and profits collected by their ancestor and to charge the same against their interests in the proceeds of the partition sale to the extent of the moneys so found due from him.
There is no doubt that generally, a tenant in common is entitled to an accounting of the rents, issues and profits collected by a co-tenant who was in exclusive possession of the premises. Cole v. Cole, 69 N.J. Eq. 3 (Ch. 1905); O'Connell v. O'Connell, 93 N.J. Eq. 603 (E. & A. 1922); Creech v. McVaugh, 140 N.J. Eq. 272 (Ch. 1947). This is upon the principle, as stated in O'Connell v. O'Connell, supra, that
"* * * a tenant in common, in leasing the common property and in collecting the rents from the lessee, acts not only in his own right, but as the representative of his cotenants, and that, consequently, *102 to the extent that the moneys so collected represent the rental value of the interest of his cotenants, it is held in trust for him for their use."
Here, however, we do not have such a situation. The defendants had, upon the death of George B. Mangan, a vested remainder, subject to the life estates of Harry J. Mangan and Arnet O. Mangan. If the estate of Harry J. Mangan, or his representatives, after his death, had any right to an accounting from Arnet O. Mangan it was from him personally, during his lifetime, or the representatives of his estate after his death. The defendants did not take through the said Arnet O. Mangan. Their title arose by devise from George B. Mangan.
The plaintiffs argue that the defendants are unduly enriched unless they be obliged to account during the period of stewardship of Arnet O. Mangan. The fallacy in this reasoning has been above adverted to. They are not the successors to Arnet O. Mangan by way of inheritance or otherwise. The fact that they are the heirs of Arnet O. Mangan is, as far as we are here concerned, a happenstance. Surely, if the remaindermen had been strangers to the blood of Arnet O. Mangan there could be no basis for such an argument.
It is the duty of Arnet O. Mangan or his estate to account for such rents, issues and profits. By implication, all parties admit, in the argument, that Arnet O. Mangan died without any estate. The plaintiffs reason that this casts some moral or equitable duty upon the defendants to account. This does not follow, either legally or morally.
It is therefore here held that under the facts here present, the defendants are not obliged to account for the rents, issues and profits collected by Arnet O. Mangan.
Judgment will be entered accordingly.